■ GERTRUDE L. HIGGINS, Also Known as GERTRUDE L. MILLER, Respondent-Appellant, v THOMAS J. HIGGINS, JR., Appellant-Respondent.—Mikoll, J.

On June 18, 1982, during the course of their divorce action, the parties appeared before Supreme Court, Greene County, and in open court entered into a stipulation providing for the distribution of their marital assets. The parties also stipulated that defendant would withdraw his answer and permit the action to proceed to divorce as if by default. A judgment of divorce was thereafter issued directing that the stipulation be incorporated in and survive the judgment. The stipulation provided that defendant would pay plaintiff 40% of all pension benefits received by him.

In May 1988, plaintiff commenced an action in Supreme Court, Suffolk County, wherein both parties now reside, alleging that defendant had been receiving pension benefits since February 1986 but had not paid any portion thereof to plaintiff. Defendant next moved before Supreme Court, Greene County, to vacate so much of the original judgment of divorce as incorporated the stipulation on the ground that oral stipulations violated the requirements of Domestic Relations Law § 236 (B) (3) and (5). Plaintiff cross-moved to dismiss defendant's motion on the grounds that, *inter alia,* the motion was not timely and a proceeding was then pending in another court. Supreme Court, Greene County, denied defendant's motion, holding that although the stipulation was valid, defendant had failed to show that any of the grounds for vacatur set forth in CPLR 5015 were applicable. The court then denied plaintiff's cross motion as moot. This appeal by defendant and cross appeal by plaintiff ensued.

Initially, we agree with plaintiff's contention that, under CPLR 5015 (a) (1), defendant must seek an order vacating his default within one year and, because defendant has failed to do so, Supreme Court properly denied the motion to vacate. Next, we reject defendant's argument that because the provisions of Domestic Relations Law § 236 (B) (3) and (5) were not complied with, the judgment incorporating the stipulation is, for all purposes other than dissolution of the marriage contract, subject to attack at any time as a judgment void for lack of subject matter jurisdiction. Not only is CPLR 5015 (a) (4)

inapplicable here but Supreme Court has subject matter jurisdiction of all matrimonial actions; even if it erred in receiving into evidence the stipulation, such an error would not deprive the court of subject matter jurisdiction to adjudicate the case *(see, Lacks v Lacks,* 41 NY2d 71, 77).

In view of our affirmance of Supreme Court's order denying defendant's motion to vacate the judgment of divorce for failure to timely move to vacate within the one-year limitation set forth in CPLR 5015 (a) (1), it is unnecessary to address the issue of whether Supreme Court erred in holding that the stipulation entered into in open court in the matrimonial action was valid and enforceable.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.