12-227-cv
Basile v. Connolly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JOHN G. KOELTL,[*]
> > *District Judge.*

_____

Christopher Basile,

> *Plaintiff-Appellant*,

v.                                                                12-227-cv

Francesca Connolly, in her official and individual capacity, John Doe #1, in his individual capacity, Jane Doe #1, in her

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

individual capacity, and Jane Doe #2, in her individual capacity,

                    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                CHRISTOPHER BASILE, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE
JUSTICE CONNOLLY:                       SIMON HELLER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Christopher Basile appeals from a judgment of the United States District Court for the Southern District of New York sua sponte dismissing Basile's federal and state law claims for failure to state a claim and lack of supplemental jurisdiction. We assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

I.      Section 1983 Claims

We review de novo the District Court's sua sponte dismissal of the complaint for failure to state a claim, see Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998), accepting as true all factual allegations in the complaint and drawing all reasonable

inferences in Basile's favor, see Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Ordinarily pro se litigants are afforded special solicitude, but "a lawyer representing himself," as is the case here, "ordinarily receives no such solicitude at all." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

A.      Justice Connolly

The District Court properly dismissed Basile's claims against Justice Connolly. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions" and "even allegations of bad faith or malice cannot overcome judicial immunity."  Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009).  A judge is immune "even if [the judge's] exercise of authority is flawed by the commission of grave procedural errors," Stump v. Sparkman, 435 U.S. 349, 359 (1978), or if the judge acted "in excess of his or her jurisdiction" or authority, Maestri v. Jutkofsky, 860 F.2d 50, 52 (2d Cir. 1988).  Judicial immunity may not be invoked, however, when a judge faces liability for non-judicial actions or for actions that were "taken in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Basile asserts that Justice Connolly is not immune from suit because she knew that she had no personal jurisdiction over him when she presided over certain legal proceedings in which Basile was involved.  Basile's argument fails.  Even if we accepted his assertion that there was no personal jurisdiction over him in the proceedings in question, Justice Connolly had subject matter jurisdiction over his matrimonial action,

3

see Higgins v. Higgins, 551 N.Y.S.2d 373, 374 (3d Dep't 1990), and therefore did not act in the absence of all jurisdiction, see Maestri, 860 F.2d at 52; Green v. Maraio, 722 F.2d 1013, 1017 (2d Cir. 1983) ("[I]t is apparent that a judge who possesses subject matter jurisdiction is not within the 'clear absence of all jurisdiction' posture which would deprive [the judge] of the use of the defense of judicial immunity.") (quoting Stump, 435 U.S. at 357).

To the extent Basile alleges that Justice Connolly lacked jurisdiction because the matter before her was not active at the time she presided over the allegedly improper proceedings, his statements are conclusory and insufficient to establish that she acted in the absence of all jurisdiction.

B.     Doe Defendants

As the District Court noted, the complaint names three John and Jane Doe defendants, but the body of the complaint indicates that Basile intended to assert claims against Sherry Wiggs, John Guttridge, and Anne Mueller.  Basile does not suggest otherwise on appeal.  The District Court properly dismissed the complaint as to these defendants because there are no facts in the complaint suggesting that they worked for a governmental body, acted under color of state law, or conspired or acted in concert with Justice Connolly to violate Basile's constitutional rights.  See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323-24 (2d Cir. 2002).

II.     State Law Claims

We also affirm the District Court's dismissal of Basile's state law claims, because we see no abuse of discretion in the District Court's refusal to exercise supplemental

4

jurisdiction over these claims.  See Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

We have considered Basile's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk