13-339-cv
Basile v. Connolly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand thirteen.

PRESENT:   JON O. NEWMAN,
           REENA RAGGI,
           GERARD E. LYNCH,
                *Circuit Judges*.
------------------------------------------------------------------------
CHRISTOPHER BASILE,
                *Plaintiff-Appellant*,

           v.

FRANCESCA CONNOLLY, in her official and individual capacity, JOHN GUTTRIDGE, in his individual capacity, SHERRY WIGGS, in her individual capacity, ANNE MUELLER, in her individual capacity,
                *Defendants-Appellees*.
------------------------------------------------------------------------

No. 13-339-cv

APPEARING FOR APPELLANT:        CHRISTOPHER BASILE, ESQ., *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEES:        MARK SHAWHAN (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior

Counsel, Simon Heller, Assistant Solicitor General, of Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for Defendant-Appellee Francesca Connolly.*

DIANNA D. MCCARTHY, Winget, Spadafora & Schwartzberg, LLP, New York, New York *for Defendant-Appellee John Guttridge.*

RONALD W. WEINER, Steinberg & Cavaliere, LLP, White Plains, New York, *for Defendant-Appellee Anne Mueller.*

Sherry Wiggs, *pro se*, Dobbs Ferry, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 24, 2013, is AFFIRMED.

Christopher Basile appeals from the dismissal of his 42 U.S.C. § 1983 complaint against New York Supreme Court Justice Francesca Connolly and defendants John Guttridge, Anne Mueller, and Sherry Wiggs. We review such a dismissal de novo, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While we ordinarily

afford special solicitude to pro se pleadings, such solicitude is not warranted here, where a lawyer is representing himself. See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

After an independent review of the record and relevant case law, we conclude that the district court properly dismissed Basile's § 1983 complaint. The act by Justice Connolly complained of in the Eastern District action—issuance of a January 20, 2012 protective order—is different from her earlier conduct in the same state case that Basile complained about in his dismissed Southern District suit. See Basile v. Connolly, No. 11-cv-08605-VB, Dkt. No. 3 (S.D.N.Y. Dec. 16, 2011), aff'd 513 F. App'x 92 (2d Cir. 2013). Nevertheless, absolute judicial immunity shields the judge from this action as it did from the earlier one. See id., 513 F. App'x at 93–94.

The entry of a protective order by a judge in a court of general jurisdiction is plainly a "judicial" action shielded by absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 362–63 (1978) (holding that judicial act is "type of act normally performed only by judges"); Gross v. Rell, 585 F.3d 72, 85 (2d Cir. 2009) (holding that "ruling on conservatorship applications and related matters are judicial functions within the realm of a probate judge"). A contrary conclusion would require plaintiff to show that the judge acted "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (emphasis added). A complete absence of jurisdiction means that a court acts "when it does not have any statutory or constitutional power to adjudicate the case."

3

Gross v. Rell, 585 F.3d at 84 (emphasis and internal quotation marks omitted).  It is not to be confused with judicial actions "in excess of" jurisdiction, for which a judge is immune "even when the judge is accused of acting maliciously and corruptly."  Id.  When a judge who clearly had jurisdiction over a matter is precluded from exercising that jurisdiction by a removal of the case to federal court, see 28 U.S.C. § 1446, any judicial actions she takes thereafter may be "in excess of," but are not in the "complete absence of," jurisdiction. See, e.g., Stump v. Sparkman, 435 U.S. at 357 n.7 (observing that if probate judge, with jurisdiction over only wills and estates, should try criminal case over which he never had jurisdiction, "he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune").  Thus, Justice Connolly is absolutely immune from a § 1983 claim for money damages for entry of the January 20 protection order.

As for the other defendants, all of them are private individuals who cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law.  To the extent that Basile argues that they acted under color of law because they engaged in a conspiracy with Justice Connolly to violate his rights, we agree with the district court that Basile has failed to plead facts plausibly suggesting that Justice Connolly committed any unconstitutional act.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570. Without such a plausible claim of constitutional injury by Justice Connolly, Basile cannot claim that the private defendants' advocacy for the protective order was collusive action

4

under color of state law.  See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." (internal quotation marks omitted)). Moreover, because Basile had notice and opportunity to appear at the hearing, as well as an opportunity to appeal the protective order issued after removal, he cannot plausibly claim to have been injured in violation of due process.  Cf. Harris v. Mills, 572 F.3d 66, 76 (2d Cir. 2009) (holding that notice and opportunity to be heard before deprivation of constitutionally protected interest coupled with Article 78 post-deprivation remedy satisfied due process).

Further, Basile has abandoned any challenge to the dismissal of his state law claims by failing to raise it in his brief on appeal.  See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995).  Even if he had raised such a challenge, however, it would be without merit as "the exercise of supplemental jurisdiction is left to the discretion of the district court, and this court's review is limited to whether the district court abused its discretion."  Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994); see 28 U.S.C. § 1367(c)(3) (stating that district court "may decline to exercise supplemental jurisdiction over a claim" if court "has dismissed all claims over which it has original jurisdiction"). We identify no such abuse here.  See generally Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991) (holding that "if

5

[all] federal claims are dismissed before trial . . . [then] the state claims should be dismissed as well").

Finally, while a district court generally should not dismiss a <u>pro se</u> complaint without granting the plaintiff leave to amend, such leave is not necessary when it would be futile.  <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).  Here, granting Basile leave to amend would be futile, as a review of the record does not suggest that Basile has inadequately or inartfully pleaded any potentially viable claims.

We have considered Basile's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>