OPINION OF THE COURT
C. Raymond Radigan, J.
Presently pending before this court is a hearing on objections to the executor’s account which the decedent’s son, Alfred Rappaport, has appeared pro se.
This estate has been pending for a protracted period of time, the decedent having died May 22, 1976. Numerous proceedings have been instituted involving extensive disclosure. In the accounting proceeding alone, the respondent has examined the fiduciary for many days and called for the production of many documents. He has subpoenaed numerous nonparty witnesses who would be subjected to the expense of appearing in court where their testimony may have little relevancy on the issues. The court has held the respondent in contempt of court for his failure to produce documents demanded by the fiduciary. Respondent has shown his contempt for the court, when in the course of the accounting hearing, he physically assaulted an associate of the law firm representing the fiduciary. His actions encouraged his mother to become so disruptive that the court found it necessary to have her physically removed from the courtroom by two court officers.
During the course of the trial, contrary to directions by the court that he question the witnesses while standing at the podium, he wandered behind the fiduciary’s attorneys *641 who became apprehensive because of the prior assault on their associate. As a result of the assault and other disruptions, the court was required to request three court officers from the County Court in addition to the court’s own court officer to attend several sessions to aid in keeping order.
The record in the accounting and the advice and direction proceedings reveal respondent’s continued repetition of the same words and questions. The cold record cannot adequately reflect the sneering tone of the respondent’s voice and manner in which the questions were put nor his long deliberation in asking questions; his playacting to his mother, sisters and any spectator willing to be amused by his antics; his deliberate mispronunciation of the names of the attorneys, in an attempt to antagonize them. He repeatedly verbally abused petitioner and his attorneys. He walked away from the podium while putting questions to witnesses, turning his back, speaking so inaudibly that it was very difficult for the court reporter to hear and record the question. The court, attorneys and witnesses were also unable to hear the questions. He refused to abide by rulings of the court, was disrespectful to the court and on many occasions refused to move on to other issues when directed to do so by the court. On numerous occasions he struck the podium causing disruptions in the proceedings. His presentation and demeanor made it self evident that he does not appreciate the rules of evidence. Respondent’s conduct has caused unnecessary delay and expense to both the estate and the taxpayers. At the close of one session, the attorney-fiduciary in frustration asked how long the court would tolerate the respondent’s theatrical antics.
While deliberating on this decision, the matter appeared on the June 16, 1981 calendar for a continuance on the hearing of the objections to the account. Instead of appearing Mr. Rappaport sent a lengthy mailgram to the court stating his refusal to continue with the hearing and making abusive statements repeating his disrespect for the court. The court has put the mailgram in evidence as Exhibit No. 43.
The attorneys for the fiduciary moved to dismiss Mr. Rappaport’s objections based on his default. The motion *642 was granted without prejudice to the rights of his two sisters, who have also filed objections.
Although Mr. Rappaport’s request for presenting his case pro se was unequivocal and timely asserted (People v McIntyre, 36 NY2d 10, 17, 18), there are compelling circumstances which may operate to bring a halt to the objector’s self-representation.
Respondent’s actions and conduct are such that the court must seriously question his absolute right to appear pro se. The fact that respondent’s interest plus the assignment of his mother’s interest in the estate makes the respondent the main beneficiary of this multimillion dollar estate clearly indicates that he can afford to retain counsel. There are many other estate and tax certiorari matters awaiting trial. The court cannot permit antics of this type to delay the trial of a matter causing a backlog in cases awaiting trial. The court has been more than patient with respondent in its rulings and directions. Nevertheless, the respondent has continued in his disruptive behavior.
Justice Duberstein in Hochman v Hochman (NYLJ, April 8,1981, p 12, col 4), seriously questioned the absolute right of a party to act pro se. This court’s own research sustains her position.
Because Mr. Rappaport’s activities have prevented the fair and orderly disposition of the issues raised, he has jeopardized his statutory right to appear pro se. A Tripl Judge is required to be tolerant of minor infractions of courtroom procedure where an inexperienced party has only television attorneys as role models. However, the behavior and antics of Mr. Rappaport go beyond the parameters of forgiveable inexperience. He was clearly and repeatedly warned that deliberate dilatory or obstructive behavior would cause the dismissal of his objections and limit his cross-examination of witnesses. That same conduct can also result in a loss of his pro se rights (United States v Dougherty, 473 F2d 1113).
Where a party is headstrong, cantankerous, obstreperous and disputatious, stirring animosity so as to exhaust the patience of the court, he is a poor advocate and his own worst enemy. He is the kind of litigant who most sorely *643 needs the “effective assistance of counsel” (United States v Dougherty, supra). The very thing which makes him think he is a better lawyer than the professional is illustrative of a personality which makes him most in need of counsel.
Mr. Rappaport’s permission to continue to represent himself is revoked sua sponte. He is directed to retain and appear by counsel of his choice by July 8, 1981 in all pending proceedings. On his failure or refusal to do so, the court will appoint counsel to represent him. The fees and expenses of any attorney appearing or appointed for Mr. Rappaport are in the first instance to be a charge against his share unless otherwise directed by the court.