■ In the Matter of BEATRICE MULLIGAN, Appellant, v MICHAEL MULLIGAN, Respondent.—Mercure, J. Appeal from an order of the Family Court of Sullivan County (Traficanti Jr., J.), entered March 28, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find respondent in violation of a prior order of visitation.

Petitioner commenced this proceeding claiming that respondent and his wife, Patricia Rivera, interfered with petitioner's phone calls to her three children and that respondent and Rivera used drugs and alcohol and mentally and physically abused the children. Both parties appeared pro se. Following a hearing, Family Court dismissed the petition with prejudice and ordered petitioner not to file any further petitions unless represented by counsel at the time of filing or Family Court would review any petitions filed before any process would be issued. Petitioner appeals.

Initially, Family Court did not abuse its discretion in denying petitioner's application to exclude the children and Rivera during the proceeding (see, 22 NYCRR 205.4). We also reject petitioner's claim that Family Court erred in dismissing the petition. Given that the matter "turns almost entirely on

assessments of the credibility of the witnesses * * * the findings of the nisi prius court must be accorded the greatest respect" *(Matter of Irene O.,* 38 NY2d 776, 777). Our own examination of the record establishes that Family Court's determination that respondent and Rivera were not shown to have interfered with visitation and phone calls conforms to the weight of the evidence.

Finally, we find merit in petitioner's claim that Family Court improperly prohibited her from filing future *pro se* petitions unless such petitions are reviewed by the court before service of process. Although Family Court has authority to limit a petitioner's right to proceed *pro se* in extreme cases *(see, Muka v New York State Bar Assn.,* 120 Misc 2d 897, 903; *Matter of Rappaport,* 109 Misc 2d 640, 642; *see also, People v McIntyre,* 36 NY2d 10, 15), any restriction upon such right must be carefully scrutinized *(see, Walker & Bailey v We Try Harder,* 123 AD2d 256, 257; *see also, Bounds v Smith,* 430 US 817, 821-822; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 321.07). On this record, which does not set forth the number of actions or proceedings petitioner has brought, the reasons therefor or the merit thereto, we cannot sustain Family Court's determination prohibiting future *pro se* petitions. Petitioner's conduct has not been shown to be so egregious as to deprive her of the right to proceed *pro se* in the future *(cf., e.g., People v McIntyre, supra,* at 18; *Muka v New York State Bar Assn., supra,* at 903; *Matter of Rappaport, supra,* at 642).

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited petitioner's right to file future *pro se* petitions, and, as so modified, affirmed.