■ ARTHUR M. HANDLER, Respondent-Appellant, v 1050 TENANTS CORP., Respondent, and STEVEN R. LAPIDUS et al., Appellants-Respondents. [806 NYS2d 487]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered October 29, 2004, which, after a hearing on the contempt motion by plaintiff and defendant cooperative and upon consequent findings that defendants-appellants had violated the stipulation of settlement "so-ordered" by the court on September 30, 2002, inter alia, vacated the stipulation of settlement as modified by order, same court and Justice, entered May 27, 2005, which, inter alia, granted the defendants-appellants' motion to vacate and modify the October 29, 2004 order and judgment, to the extent of limit-

ing plaintiff's award of attorneys' fees to those resulting from defendants-appellant's failure to comply with the terms of the stipulation of settlement, unanimously affirmed, without costs.

It was within the court's authority and discretion to vacate the "so-ordered" stipulation of settlement. The court retained supervision of the action and properly found that the defendants-appellants' repeated failure to comply with the terms of the stipulation warranted its vacatur (see *Teitelbaum Holdings v Gold*, 48 NY2d 51, 54-55 [1979]).

Defendants-appellants' obligation under the stipulation was not fulfilled by the single visit of their plumber, who failed to cap the water pipes at the risers, as required by the stipulation, and who admitted that the work he had performed would only temporarily address the underlying problem. Even after being informed by defendant cooperative that the work performed by their plumber did not satisfy the requirements of the stipulation, defendants-appellants took no further steps to comply. Nor did they present evidence showing that they were unable to comply. There was no evidence to support their claim that their performance was prevented by the cooperative. Accordingly, the court properly found defendants-appellants in contempt for their violation of the stipulation. Defendants-appellants' claim that they substantially complied with the stipulation and that the objectives of the stipulation were met is without merit. The testimony demonstrated that the failure to cap the water supply lines at the risers, in accordance with the stipulation, left the underlying problem, i.e., leaks from the air conditioner feeder and waste pipes into plaintiff's apartment, essentially unresolved.

The remedies awarded by the motion court, as a result of the defendants-appellants' failure to comply with the terms of the stipulation, including attorneys' fees to defendant cooperative and maintenance arrears, were proper.

Plaintiff's contention on his cross appeal that the court erroneously limited his award of attorneys' fees to those incurred in consequence of defendants-appellants' contempt is without merit. Plaintiff is not a third-party beneficiary of the proprietary lease between defendants-appellants and defendant cooperative (cf. *Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 123 [1999]), which lease, in any case, only provides for an award of attorneys' fees to the cooperative; no tenant is entitled to recover such fees under the cooperative's proprietary lease.

We have considered parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Andrias, Catterson and Malone, JJ.