■ In the Matter of TODD SCHERMERHORN, SR., Appellant, v REBECCA QUINETTE, Respondent. (And Another Related Proceeding.) [812 NYS2d 698]—

Kane, J. Appeal from an order of the Family Court of Washington County (Breen, J.), entered September 16, 2004, which, inter alia, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Respondent has sole legal and physical custody of the parties' son (born in 1994). A November 2002 order indefinitely interrupted petitioner's visitation and contact with his son, permitting petitioner to petition for visitation once he completed parenting classes and engaged in significant counseling. In February 2004, petitioner filed two petitions seeking custody of and visitation with his son. On the day scheduled for a hearing on the petitions, petitioner did not appear in court. His attorney successfully moved to withdraw from representation, after which the Law Guardian moved to dismiss the petitions with prejudice. Family Court granted that motion, required petitioner to pay $3,000 to the Washington County Treasurer as reimbursement for his assigned counsel, and ordered that no future petition filed by petitioner should be scheduled for a court appearance unless a judge has first reviewed it for merit. Petitioner appeals.

Initially, as the parties consented to a November 2005 order permitting petitioner to have therapeutic visitation with his son, the portion of the appeal regarding dismissal of the visitation and custody petitions is moot (*see Matter of Rebecca O. v Todd P.,* 309 AD2d 982, 983 [2003]; *Matter of Baker v Ratoon,* 251 AD2d 921, 922 [1998]).

Without any record explanation of how petitioner's conduct was egregious and constituted an abuse of the judicial process, we must strike the portion of Family Court's order requiring prior judicial review of any future petitions filed by petitioner (*see Matter of Mulligan v Mulligan,* 175 AD2d 335, 336 [1991]; *compare Matter of Pignataro v Davis,* 8 AD3d 487, 489 [2004]; *Sassower v Signorelli,* 99 AD2d 358, 359-360 [1984]).*

The portion of Family Court's order requiring petitioner to pay $3,000 for his assigned counsel was also improper. Courts may impose sanctions, including counsel fees, upon a party engaged in frivolous conduct, which includes vexatious or baseless litigation (*see Matter of Scholet v Newell,* 229 AD2d 621, 623 [1996]). Such sanctions must be included in a written order which indicates the conduct creating a basis for sanctions, reasons why the court found this conduct frivolous and a justification for the amount imposed as sanctions (*see* 22 NYCRR 130-1.2). Because the order here fails to meet any of these requirements for imposing sanctions, that portion of the order must be reversed (*see Matter of Ashley v Delarm,* 234 AD2d 736, 737 [1996]; *see also Dwaileebe v Six Flags Darien Lake,* 21 AD3d 1282, 1282-1283 [2005]).

Because we find the questions of custody and visitation to be moot, we decline to address petitioner's additional arguments.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as required petitioner to pay $3,000 to the Washington County Treasurer and ordered that no future petition filed by petitioner should be scheduled for a court appearance unless a judge has first reviewed it for merit; and, as so modified, affirmed.

---

* We decide this issue and the issue regarding sanctions on a procedural basis only, without addressing the merits.