■ In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE. VILLAGE OF SARANAC LAKE, Appel-

lant; WAYNE BUJOLD et al., Respondents, et al., Respondents. (And Five Other Related Proceedings.) [882 NYS2d 739]—

Cardona, P.J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 25, 2008 in Franklin County, which, in six proceedings pursuant to EDPL article 4, among other things, partially granted the motion of respondents Wayne Bujold and Denise Bujold seeking the remediation of allegedly defective repairs and awarded counsel fees.

In August 2005, petitioner commenced the instant proceedings pursuant to EDPL article 4 seeking to exercise its eminent domain power to obtain easements from, among others, respondents Wayne Bujold and Denise Bujold (hereinafter collectively referred to as respondents) in order to install, repair or replace sewer lines under the affected property. Shortly thereafter, petitioner sought, by order to show cause, to gain immediate access to respondents' property pursuant to EDPL 402 (B) (6) so as to enable it to complete what it characterized as emergency repairs on the existing sewer line. In an order dated August 22, 2005, Supreme Court granted immediate access to respondents' property, directing that petitioner deposit the sum of $2,000 with the Franklin County Clerk's office. Petitioner thereafter commenced work on respondents' property, which was completed in early 2006. In the meantime, respondents, as well as other similarly situated property owners, submitted answers and objections to the petitions. In April 2006, Supreme Court ordered a hearing on the issues of, among other things, the scope of the easements sought by petitioner. Prior to completion of the hearing, the parties engaged in settlement negotiations. However, those discussions failed to resolve all disputed matters and it appears the hearing was not concluded.

Thereafter, respondents moved, in June 2008, by order to show cause, for an order directing, among other things, petitioner to return respondents' "property to the condition that it was prior to the replacement of the sewer line," including the repair of allegedly unsafe conditions in the vicinity of the

covered manholes that had been installed. Respondents also sought an award of counsel fees pursuant to 22 NYCRR 130-1.1. Supreme Court denied injunctive relief as well as respondents' other requests, except that the court ordered petitioner to make certain repairs related to the manholes and awarded respondents counsel fees in the amount of $5,000.

Initially, in this appeal, petitioner challenges the propriety of Supreme Court's order that it complete repair work to the area where the manholes were installed. According to petitioner, inasmuch as, among other things, the instant proceedings are still in the procedural posture of acquisition, and not at the compensation stage, the court's direction was premature. Significantly, the eminent domain process for the acquisition of real property under the EDPL proceeds through a number of steps (*see generally Matter of 49 WB, LLC v Village of Haverstraw*, 44 AD3d 226, 244-245 [2007]). A condemnor must initially determine that it will seek to exercise its powers of eminent domain for the public good (*see* EDPL 201, 204). Once that is done, the condemnor may bring a proceeding pursuant to EDPL article 4 to formally acquire title to the subject property (*see* EDPL 401). When the condemnor obtains such title, a claim for compensation ripens, which is redressable by the various proceedings authorized under EDPL articles 5 and 6 (*see* EDPL 501, 503, 601). Notably, this compensation includes recovery for the loss of the property itself as well as for the diminution of the value of the residual property, if only a portion is taken (*see Murphy v State of New York*, 14 AD3d 127, 132 [2004]; *Matter of County of Schenectady [Pahl]*, 194 AD2d 1004, 1008 [1993], *lv denied* 84 NY2d 806 [1994]; *Town of Fallsburgh v Silverman*, 260 App Div 532, 532 [1940], *affd* 286 NY 594 [1941]; *see also* EDPL 701). Furthermore, in cases such as this involving the emergency section of EDPL 402 (B) (6), that statute provides that property owners will be compensated for damages to their land even if, among other things, the petition is ultimately dismissed or no award is made.

Here, it is apparent that the damages asserted by respondents in their motion concerning the "unattractive" state in which petitioner allegedly left their property after completing its emergency work are all potentially compensable under the EDPL (*see Waxman v State of New York*, 57 AD2d 244, 252 n 7 [1977]). Thus, at this juncture, Supreme Court did not award money damages and denied any relief related to the appearance of the property. This was appropriate because, while respondents may ultimately demonstrate a diminution in the value of the property, that does not alter the fact that the instant proceeding

remains postured under EDPL article 4, which focuses on the proposed vesting of title in petitioner (*see* EDPL 401 *et seq.*). Once the current EDPL article 4 proceedings before Supreme Court conclude either by, among other things, dismissal or by service of a notice of acquisition or vesting of title, respondents may then assert their claim for damages related to, among other things, the alleged diminution in value of their property (*see* EDPL 402 [B] [6]; 502 [B]; 503).

With respect to respondents' allegations claiming that petitioner, after gaining access to their property through the emergency provision of EDPL 402 (B) (6), proceeded to leave the property in the vicinity of the manholes in an unsafe and dangerous condition, we reach a different conclusion. Although petitioner asserts that Supreme Court has no authority to grant any relief at this stage, we disagree. It would defy common sense for a court to be authorized to permit a proposed condemnor to enter immediately upon the property of a landowner in "the public interests" (EDPL 402 [B] [6]), but then maintain that said court has no power to direct further remediation in the face of established proof that the condemnor created an unsafe or dangerous condition on that land. Accordingly, we do not find remediation relief in circumstances such as this to be outside Supreme Court's authority. Nevertheless, we note that petitioner disputes respondents' allegations to the effect that it left their property in a hazardous condition. Furthermore, the record does not contain sufficient factual findings by the court explaining its conclusions in that regard or providing details concerning which, if not all, of the manholes are included in that order. Accordingly, we remit the matter to the court for further proceedings.

Finally, petitioner challenges the propriety of the grant of counsel fees to respondents. While respondents maintain that such an award was valid in light of the alleged frivolous conduct, "[s]uch sanctions must be included in a written order which indicates the conduct creating a basis for sanctions, reasons why the court found this conduct frivolous and a justification for the amount imposed as sanctions" (*Matter of Schermerhorn v Quinette*, 28 AD3d 822, 823 [2006]; *see* 22 NYCRR 130-1.2). Inasmuch as Supreme Court's order herein does not include the required information, the award of counsel fees must be reversed (*see Matter of Schermerhorn v Quinette*, 28 AD3d at 823). Moreover, although respondents suggest that the fee award could be upheld under a different legal theory, we cannot agree given the information presently before us.

The remaining issues raised herein have been examined and found to be unpersuasive.

Rose, Kane, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed petitioner to perform certain repairs and awarded counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.