■ In the Matter of the Estate of HELEN T. STASKIEWICZ, Deceased. ELIZABETH WALKER, as Administrator, Respondent; JENNIFER HYATT et al., Appellants. [885 NYS2d 853]—Appeal from an order of the Surrogate's Court, Niagara County (Sara S. Sperrazza, A.S.), entered May 6, 2008. The order, among other things, awarded attorneys fees to the attorney for respondent against claimant Jennifer Hyatt.

It is hereby ordered that said appeal insofar as taken by claimant Kathy Hyatt is unanimously dismissed and the order is modified on the law by vacating the attorneys fees awarded to the attorney for respondent against claimant Jennifer Hyatt in the amount of $3,647.50 and as modified the order is affirmed without costs.

Memorandum: Claimants appeal from an order of Surrogate's Court that, inter alia, determined that there was no credible evidence to justify modification of a prior order issued by the Surrogate. We note at the outset that the appeal insofar as taken by claimant Kathy Hyatt must be dismissed. She may not appeal from the order inasmuch as she was in default when the initial order was entered, and there is no indication in the record that she moved to vacate the order entered upon her default prior to seeking the instant relief (*see generally Brannigan v Dubuque*, 199 AD2d 851, 851-852 [1993]). We thus address the merits of the appeal only with respect to Jennifer Hyatt (claimant).

A court is vested with the authority and discretion to vacate the terms of a settlement placed on the record in open court based upon the repeated failure of a party to comply with the terms thereof (*see Handler v 1050 Tenants Corp.*, 24 AD3d 231, 232 [2005]; *see also Teitelbaum Holdings v Gold*, 48 NY2d 51, 54-55 [1979]), and we conclude that the Surrogate did not abuse that discretion in this case. We modify the order, however, by vacating the attorneys fees awarded to the attorney for respondent against claimant in the amount of $3,647.50. The order fails to meet the requirements set forth in 22 NYCRR 130-1.2 to justify the imposition of sanctions (*see Matter of Schermerhorn v Quinette*, 28 AD3d 822, 823 [2006]; *Dwaileebe v Six Flags Darien Lake*, 21 AD3d 1282, 1282-1283). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.