■ ROGER MARTIN, Appellant, v THEODORE D. HAYES, Respondent. [963 NYS2d 773]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Sherman, J.), entered March 14, 2012 in Tioga County, which, among other things, granted defendant's motion to dismiss the complaint, and (2) from an order of said court, entered April 26, 2012 in Tioga County, which awarded defendant counsel fees.

Plaintiff and defendant live on two adjoining lots. Defendant and his deceased wife previously owned both lots, but sold them to defendant's stepdaughter, Marie Nicole Fabi, with the intent of retaining a life estate in Lot 2. The language regarding the

life estate, however, was mistakenly inserted into the deed for Lot 1. Plaintiff is Fabi's paramour and resides with her on Lot 1. After his wife's death, defendant's relationship with Fabi and plaintiff became acrimonious. He alleges that after plaintiff trespassed on his property numerous times, he contacted the State Police and reported the trespassing on October 5, 2011. Plaintiff commenced this action the next day, asserting a slander claim, and seeking punitive damages.

Defendant moved to dismiss the complaint, and requested an award of counsel fees and costs. Plaintiff cross-moved to amend the complaint, abandoning his claim sounding in slander and request for punitive damages, and seeking to assert a cause of action for prima facie tort. Noting plaintiff's concession that the original complaint failed to state a cause of action for slander, Supreme Court granted defendant's motion to dismiss the complaint, denied plaintiff's cross motion to file an amended complaint and, upon finding plaintiff's conduct to be frivolous, granted defendant's request for costs and counsel fees. In a subsequent order, the court directed plaintiff to pay $152.64 in costs and $4,296.64 in counsel fees. Plaintiff appeals from both orders.

Plaintiff argues that both the original complaint and the proposed amended complaint sufficiently state a claim for slander per se. A statement will fall into one of the four categories of slander per se when it is so noxious and injurious by nature that the law presumes that pecuniary damages will result and, thus, special damages need not be alleged (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *Yonaty v Mincolla*, 97 AD3d 141, 143-144 [2012], *lv denied* 20 NY3d 855 [2013]). As relevant here, "slander per se" includes "statements . . . charging [a] plaintiff with a serious crime," but "the law distinguishes between serious and relatively minor offenses, and only statements regarding the former are actionable without proof of damage" (*Liberman v Gelstein*, 80 NY2d at 435). Here, plaintiff argues that the complaint indicated that defendant falsely charged plaintiff with a class A misdemeanor, criminal trespass in the second degree—i.e., "knowingly enter[ing] and remain[ing] unlawfully in a dwelling" (Penal Law § 140.15 [1]). On its face, however, the complaint asserts no more than an allegation that defendant falsely accused plaintiff of simple trespass— "knowingly enter[ing] or remain[ing] unlawfully in or upon premises" (Penal Law § 140.05)—which is a violation and, thus, the allegation is not slanderous per se (*see Liberman v Gelstein*, 80 NY2d at 436; *see also Cavallaro v Pozzi*, 28 AD3d 1075, 1077-1078 [2006]). That is, assuming without deciding that criminal

trespass in the second degree is a "serious crime," simple trespass is not.

In any event, even construing the complaint liberally and according plaintiff the benefit of every favorable inference, it does not set forth the allegedly defamatory statement with sufficient particularity to satisfy the requirement of CPLR 3016 (a), as plaintiff conceded before Supreme Court (*see Dobies v Brefka*, 273 AD2d 776, 777-778 [2000], *lv dismissed* 95 NY2d 931 [2000]; *Wadsworth v Beaudet*, 267 AD2d 727, 729 [1999]). Thus, Supreme Court properly dismissed the complaint. Moreover, the court did not abuse its discretion in denying plaintiff's cross motion to amend the complaint, which sought to abandon the slander claim and assert instead a claim of prima facie tort. It is well settled that "[w]here relief may be afforded under traditional tort concepts, prima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *see Curiano v Suozzi*, 63 NY2d 113, 118-119 [1984]; *Morrison v Woolley*, 45 AD3d 953, 954 [2007]; *Lerwick v Kelsey*, 24 AD3d 931, 932 [2005], *lv denied* 6 NY3d 711 [2006]).

Notwithstanding the foregoing, we conclude that it is necessary to remit this action to Supreme Court because, in awarding counsel fees and costs, the court did not clearly identify which of plaintiff's "proposed actions" it found to be frivolous, the reasons why the conduct was frivolous, or a justification for the amount of sanctions imposed (*see Matter of Village of Saranac Lake*, 64 AD3d 958, 961 [2009]; *cf. Shields v Carbone*, 99 AD3d 1100, 1103 [2012]). Accordingly, we remit for clarification.

Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order entered March 14, 2012 is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees, and, as so modified, affirmed. Ordered that the order entered April 26, 2012 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.