Peters, EJ.
Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered July 23, 2012 in Warren County, which, among other things, granted defendant Barbara Loosch’s motion to enforce a settlement agreement and for an award of counsel fees, and (2) from the judgments entered thereon.
Defendant Barbara Loosch (hereinafter defendant) borrowed a total of $500,000 from plaintiff, which was secured by a consolidated mortgage on real property owned by her in the Town of Horicon, Warren County. Plaintiff commenced this mortgage foreclosure action following defendant’s default, which they subsequently resolved by entering into a settlement agreement in open court. In particular, defendant agreed to deed the property to plaintiff in lieu of foreclosure and to vacate the premises no later than October 15, 2011. She further agreed to maintain the property and to “cur[e] any code or municipal violations” before that date, but otherwise she was to convey the property “as-is.” Plaintiff, in turn, agreed to pay defendant $100,000 within 45 days and an additional $25,000 on October 15, 2011. The agreement further provided that defendant would forfeit her right to the $25,000 payment if she “fail[ed] to satisfy any of her obligations in connection with the settlement agreement.”
Plaintiff refused to make the $25,000 payment, claiming, among other things, that defendant had failed to timely vacate the premises. Defendant responded by moving for an order directing plaintiff to make the payment and for an award of counsel fees. Supreme Court determined that defendant had substantially complied with the settlement agreement, and directed plaintiff to pay defendant $25,000, less offsets, as well as her counsel fees. Plaintiff appeals from that order, as well as two judgments issued thereupon.
Defendant did not forfeit her entitlement to the $25,000 payment by failing to fully vacate the premises by October 15, 2011. Defendant’s husband and his friend were admittedly at the premises on the morning of October 16, 2011, but they departed *821 after being told to do so by one of plaintiffs principals. While there is some dispute as to the amount of personal property that defendant had on the premises at that time, the few objects that remained were removed by the next day. Plaintiff did not allege that it incurred any expense as a result of this brief delay in taking full possession of the premises and, indeed, it apparently suffered no inconvenience at all aside from having to reschedule the arrival of contractors. Given the short delay, minimal intrusion involved, the fact that there was no language in the settlement agreement making time of the essence and the lack of any showing of prejudice by plaintiff, defendant committed nothing more than a “trivial or technical breach” of the settlement agreement that did not trigger the forfeiture provision (Fifty States Mgt. Corp. v Pioneer Auto Parks, 46 NY2d 573, 576-577 [1979]; see J.N.A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 399-400 [1977]; Restoration Realty Corp. v Robero, 87 AD2d 301, 304-305 [1982], affd 58 NY2d 1089 [1983]; Ogden v Hamer, 268 App Div 751, 751-752 [1944]; cf. 1029 Sixth v Riniv Corp., 9 AD3d 142, 146-151 [2004], lv dismissed 4 NY3d 795 [2005]).
We have examined and are unpersuaded by the bulk of plaintiffs remaining claims, yet we do agree that the award of counsel fees to defendant cannot be sustained. In general, “a prevailing party may not recover attorneys’ fees from the losing party except where authorized by statute, agreement or court rule” (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]). Here, Supreme Court offered no explanation for its award of counsel fees, which were not authorized by the settlement agreement. Defendant sought counsel fees due to plaintiffs allegedly frivolous conduct but, assuming that was the basis for the award, remittal is necessary so that Supreme Court may “identify which of plaintiffs . . . actions it found to be frivolous, the reasons why the conduct was frivolous, [and] a justification for the amount of sanctions imposed” (Martin v Hayes, 105 AD3d 1291, 1293 [2013] [internal quotation marks omitted]; see 22 NYCRR 130-1.2; Matter of Village of Saranac Lake, 64 AD3d 958, 961 [2009]).
Rose, Stein and Garry, JJ., concur. Ordered that the order and judgments are modified, on the law, without costs, by reversing so much thereof as awarded counsel fees to defendant Barbara Loosch; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.