Bank of N.Y. Mellon v Moon (2018 NY Slip Op 08607)





Bank of N.Y. Mellon v Moon


2018 NY Slip Op 08607


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526611

[*1]BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, as Trustee, Appellant,
v
CHRISTOPHER P. MOON et al., Defendants, and KERRI A. KINNEY, Respondent.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Druckman Law Group PLLC, Westbury (Richard J. Pelliccio of counsel), for appellant.
Corbally, Gartland & Rappleyea, LLP, Poughkeepsie (Brooke D. Youngwirth of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Koweek, J.), entered January 30, 2018 in Columbia County, which, among other things, granted defendant Kerri A. Kinney's motion for counsel fees.
In 2005, defendant Kerri A. Kinney (hereinafter defendant) and defendant Christopher P. Moon executed a note in favor of defendant Quicken Loans, Inc. that was secured by a mortgage on real property. The note and mortgage were subsequently assigned to plaintiff. In 2007, defendant and Moon executed an assumption agreement in which they sold their respective interests in the mortgaged property to Moon and defendant Margaret M. Concra, and defendant was released from liability. In 2009, plaintiff, through its former counsel, commenced a mortgage foreclosure action against Moon and Concra, among others. Plaintiff alleged in the complaint of that action that, "[o]n January 18, 2007, [defendant] was released from liability for the mortgage and [Concra] assumed liability for her portion of the mortgage, making [Moon] and [Concra] . . . the current mortgagors." In 2011, this action was discontinued.
In September 2016, plaintiff, by its current counsel, commenced this mortgage foreclosure action against defendant, Moon and Concra, among others, after Moon and Concra failed to make timely payments due under the note and mortgage. Between October 2016 and September 2017, defendant's counsel and plaintiff's counsel engaged in multiple discussions in an attempt to discontinue the action with respect to defendant. After an agreement was unable to be reached regarding whether the stipulation of discontinuance would be "with prejudice," defendant, in September 2017, moved to dismiss the complaint against her and for sanctions. [*2]Plaintiff opposed only that part of defendant's motion seeking sanctions and cross-moved for sanctions. In a January 2018 order, Supreme Court, among other things, granted defendant's motion, awarded her counsel fees and costs associated with her motion and ordered that plaintiff and its counsel be jointly and severally liable for such counsel fees. Per Supreme Court's directive in the January 2018 order, defendant submitted an affirmation and proof of counsel fees. In a March 2018 order, Supreme Court fixed the counsel fees at $5,516.72. Plaintiff now appeals from the January 2018 order.
As a threshold matter, we reject defendant's contention that the appeal must be dismissed because plaintiff failed to take an appeal from the March 2018 order. Plaintiff is not challenging the specific amount of counsel fees as fixed by Supreme Court in the March 2018 order. Rather, plaintiff contends that Supreme Court, in the January 2018 order, erred in awarding defendant counsel fees in the first instance. Under these circumstances, plaintiff's failure to appeal from the March 2018 order is not fatal (see Ireland v GEICO Corp., 2 AD3d 917, 917, 920 n 3 [2003]).
Turning to the merits, a party or attorney who engages in frivolous conduct is subject to "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable [counsel] fees" (22 NYCRR 130-1.1 [a]; see Chevy Chase F.S.B. v Sarsfield, 278 AD2d 773, 773 [2000]). Conduct is frivolous when "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or "it is undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]). "The authority to impose sanctions or costs is committed to the court's sound discretion and, absent an abuse thereof, we will not disturb such an award" (De Ruzzio v De Ruzzio, 287 AD2d 896, 896 [2001] [internal quotation marks and citations omitted]; see Matter of Flanigan v Smyth, 148 AD3d 1249, 1251 [2017], lv dismissed and denied 29 NY3d 1046 [2017]; Navin v Mosquera, 30 AD3d 883, 883-884 [2006]; Ireland v Wilenzik, 296 AD2d 771, 774 [2002]).
The dispute stems from the parties' inability to agree on whether to discontinue the action "with prejudice" as to defendant. In our view, Supreme Court properly found that "[t]here was no legitimate justification by [p]laintiff or its counsel to refuse to sign a [s]tipulation of [d]iscontinuance with prejudice." The documentary evidence in the record conclusively establishes that defendant was released from her obligations under the note and mortgage and, therefore, was not a proper party to the action. Indeed, based on the admissions in the complaint of the first mortgage foreclosure action, plaintiff was aware in 2009 that defendant was released from liability. Even if such knowledge could not be imputed to plaintiff's counsel given that it was not involved in the first foreclosure action, defendant's counsel nonetheless provided plaintiff's counsel with a copy of the relevant documentary evidence in October 2016, although most of it was publicly accessible. Counsel for plaintiff and defendant thereafter engaged in further discussions as to discontinuing the action against defendant and even executed a stipulation in March 2017 acknowledging that defendant was not a proper party [FN1]. Notwithstanding this stipulation, plaintiff's counsel refused to stipulate to discontinue defendant from the action "with prejudice." Based on the foregoing, we cannot say that the imposition of counsel fees was an abuse of discretion (see Hutter v Citibank, N.A., 142 AD3d 1049, 1050 [2016]; Matter of Schermerhorn v Quinette, 28 AD3d 822, 823 [2006]; Moran v Regency Sav. [*3]Bank, F.S.B., 20 AD3d 305, 306 [2005])[FN2]. Plaintiff's remaining assertions in defending the challenged frivolous conduct have been considered and are unavailing.
Garry, P.J., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The March 2017 stipulation also provided that defendant would be discontinued from the action within 60 days, and, if not done within that period, the time for defendant to submit an answer or move with respect to the complaint would be extended.

Footnote 2: Although plaintiff abandoned any argument with respect to the denial of its cross motion for sanctions (see Stephenson v Allstate Indem. Co., 160 AD3d 1274, 1274 n 2 [2018], lv denied 32 NY3d 904 [2018]), we agree with Supreme Court's determination that such cross motion was frivolous and was another example of frivolous conduct (see 22 NYCRR 130-1.1 [c]).