Matter of James H. (2019 NY Slip Op 00170)





Matter of James H.


2019 NY Slip Op 00170


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

526706

[*1]In the Matter of JAMES H., Alleged to be a Person in Need of a Guardian. MENTAL HYGIENE LEGAL SERVICE, Petitioner; JAMES H., Respondent. JOHN H., as Trustee of the JAMES H. SUPPLEMENTAL NEEDS TRUST, Appellant. PAUL BRIGGS, Respondent.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


The Rehfuss Law Firm, PC, Latham (Stephen J. Rehfuss of counsel), for appellant.
Pemberton & Briggs, Schenectady (Paul Briggs of counsel), for Paul Briggs, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order and judgment of the Supreme Court (Buchanan, J.), entered July 14, 2017 in Schenectady County, which, in a proceeding pursuant to Mental Hygiene Law article 81, among other things, granted Paul Briggs' cross motion to hold the trustee in contempt and imposed sanctions on the trustee, and denied the trustee's motion to vacate an ex parte order.
Petitioner commenced a proceeding in July 2015 pursuant to Mental Hygiene Law § 81 for the appointment of a guardian of respondent's property asserting that respondent has serious medical and psychiatric problems and disabilities and is the beneficiary of a specific named supplemental needs trust (hereinafter SNT)[FN1]. The petition alleged that respondent's brother, [*2]respondent John H. (hereinafter the trustee), an attorney, is the sole trustee of this trust (hereinafter the 2006 SNT), that their relationship is "extremely strained" and that respondent does not want the trustee involved in his medical or financial decision-making. According to the petition, respondent has had financial difficulties and has been unable to pay for basic needs, including medicine and transportation.
Supreme Court appointed Paul Briggs, an attorney, as a court evaluator (see Mental Hygiene Law § 81.09). Briggs undertook a lengthy investigation to ascertain respondent's interest in numerous trusts and the estate of his mother, who died in 2014, which is apparently in probate proceedings in Albany County. Briggs submitted a court evaluator report to the court in March 2016. At a subsequent hearing (see Mental Hygiene Law § 81.11), all parties, including respondent and the trustee, consented to both the appointment of a guardian of respondent's property and the court evaluator report. Supreme Court thereafter issued an order in September 2016 appointing a guardian of respondent's property and awarding Briggs $18,204 in court evaluator fees (hereinafter the fee award) "payable from the financial resources of [respondent]."
By letter to Supreme Court, the guardian reportedly indicated that respondent did not have sufficient available financial resources with which to pay the fee award and concomitantly requested direction regarding the source of funds from which to pay that award. The court issued an ex parte order in October 2016 (hereinafter the ex parte order) directing that the fee award be paid from the 2006 SNT [FN2]. The trustee thereafter moved to vacate the ex parte order, raising numerous procedural, substantive and jurisdictional issues. Briggs, in turn, opposed the motion to vacate and cross-moved to find the trustee in contempt and for an order imposing sanctions, counsel fees and costs against the trustee for, among other alleged deficiencies, failure to pay the court-ordered fee award and to penalize the trustee for causing costly and unnecessary delays in the guardianship proceedings. At a hearing on March 10, 2017, and as reflected in the trustee's motion to vacate, it was established that respondent was actually a named beneficiary of at least six different trusts that had varying requirements and terms, only one of which had been funded (hereinafter the 2008 SNT), and that the 2006 SNT had neither been funded nor executed. At the guardian's request, Supreme Court removed the trustee from serving in that capacity for any trusts of which respondent is a beneficiary and appointed a successor trustee.
Supreme Court thereafter issued an order and judgment, entered July 14, 2017, denying the trustee's motion to vacate the ex parte order and granting Briggs' cross motion to find the trustee to be in contempt. The court imposed sanctions against the trustee personally for frivolous conduct (see 22 NYCRR
130-1.1), ordering the trustee to pay Briggs $15,000 of the $18,204 fee award granted in the September 2016 order, and also awarded Briggs counsel fees of $6,625 plus costs representing his expenses in enforcing the September 2016 order, also to be paid by the trustee. The trustee now appeals from the July 2017 order and judgment.
Supreme Court erred in holding the trustee in contempt of court [FN3]. "A party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct [*3]prejudiced the opposing party's rights" (Martin v Martin, 163 AD3d 1139, 1140-1141 [2018] [internal quotation marks and citation omitted]; see Judiciary Law § 753; Matter of Beesmer v Amato, 162 AD3d 1260, 1261 [2018]). The September 2016 order directed that the court evaluator fees be paid from respondent's "financial resources," although the record does not reflect that the extent and availability of those resources were ever ascertained. That order cannot serve as a basis for the contempt finding as it was neither unambiguous nor clear (see Martin v Martin, 163 AD3d at 1141; Matter of Beesmer v Amato, 162 AD3d at 1261). Indeed, the guardian was compelled to thereafter make a letter inquiry of the court,[FN4] apparently without notice to the other participants in the proceeding or to the trustee, as to the source of funds from which the fee award would be paid. The guardian reportedly informed the court that the financial resources available to respondent over which the guardian had authority were insufficient to pay those fees [FN5]. Supreme Court did not make an official inquiry on the record as to the "financial resources" (Mental Hygiene Law § 81.09 [c] [5] [ix]) in respondent's "estate" (Mental Hygiene Law § 81.09 [f]); at that point, there was no hearing to address whether the 2006 SNT or other trusts listed in the court evaluator report could be used to pay this fee or any consequences of doing so, and there was no motion or notice to any other participants in the guardianship matter. The court issued the ex parte order directing that the fee award be paid from a specifically named SNT bearing respondent's name, as "referred to in the [guardianship p]etition," i.e., from the 2006 SNT.[FN6]
The trustee's then-counsel promptly moved, among other relief, to vacate the ex parte order on various grounds, arguing in motion papers and at the March 10, 2017 hearing that the 2006 SNT cannot be used to pay court evaluator fees in a guardianship proceeding. The trustee's counsel argued that paying those fees from that trust may be a breach of the trustee's fiduciary duties and could jeopardize respondent's eligibility for public assistance benefits. Supreme Court did not address these contentions and made no findings to the contrary in issuing the ex parte order. Although the court made no ruling on this point, we note that, to avoid any impact on Medicaid eligibility, the corpus and income of an SNT are not considered an available resource or income of the trust beneficiary under state and federal rules (see 42 USC § 1396p [d] [4] [a]; Social Services Law § 366 [2] [b] [2] [iii]; Matter of Abraham XX., 11 NY3d 429, 435 [2008]; Matter of Woolworth, 76 AD3d 160, 163 [2010]; Matter of Ruben N. [Elizabeth T.], 71 AD3d 897, 898-899 [2010]).
Pursuant to Mental Hygiene Law § 81.09 (f), when a court grants a petition, it may award "reasonable compensation to a court evaluator . . . payable by the estate of the [subject of the petition]." Supreme Court made no finding at the hearing or in the ex parte order that the 2006 SNT was part of respondent's "estate" from which the fee award may be paid, either under the laws governing such trusts or under the terms of the trust itself. Moreover, in the trustee's motion to vacate the ex parte order and at the March 2017 hearing, the trustee's counsel and the guardian advised the court that the 2006 SNT had never been executed or funded, and no evidence to the contrary was submitted [FN7]. As such, the trustee could not have paid the fee award [*4]out of the 2006 SNT as directed in the ex parte order. Although there was one SNT that had been funded — the 2008 SNT — for which the trustee was the named trustee, that trust was not part of the guardianship proceeding, was not referred to in the ex parte order and was first addressed at the March 2017 hearing. Under these circumstances, we find that, however uncooperative and dilatory the trustee was, Briggs did not demonstrate by clear and convincing evidence that the trustee violated a "lawful, clear and unequivocal order" when he did not pay the fee award from the unfunded, unexecuted 2006 SNT as directed in the ex parte order and when he instead cross-moved to vacate that order (Martin v Martin, 163 AD3d at 1141 [internal quotation marks and citation omitted]). Moreover, given that the ex parte order referred to an incorrect SNT, which was not funded or executed, an error of which Supreme Court was made aware, the court should have granted the trustee's motion to vacate the ex parte order (see CPLR 5701 [a] [3]; Greene Manor Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320 [2017]).
We next address Supreme Court's directive in its July 14, 2017 order and judgment awarding Briggs counsel and evaluator fees of $21,625 plus costs of $115 to be paid personally by the trustee. A court may, in its discretion, award any party or counsel in a civil matter "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable [counsel] fees, resulting from frivolous conduct" and "may impose financial sanctions upon any party or attorney" for frivolous conduct (22 NYCRR 130-1.1 [a]; see Bank of New York Mellon v Moon, ___ AD3d ___, ___, 2018 NY Slip Op 08607, *2 [2018]; Matter of Gwenyth V. [Jennifer W.], 159 AD3d 1097, 1098-1099 [2018]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1250-1251 [2017], lv dismissed and lv denied 29 NY3d 1046 [2017]). However, such sanctions and costs may be imposed "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; see Matter of Flanigan v Smyth, 148 AD3d at 1251; Matter of Village of Saranac Lake, 64 AD3d 958, 959 [2009]). Supreme Court's July 14, 2017 order and judgment contains no such written findings or any of the required information and, thus, the award therein directing the trustee to pay counsel and evaluator fees, costs and sanctions must be reversed (see Matter of Village of Saranac Lake, 64 AD3d at 961; Matter of Schermerhorn v Quinette, 28 AD3d 822, 823 [2006]). Although Supreme Court's order and judgment imposing sanctions incorporated the transcript of the March 2017 hearing, the court did not make a ruling on the record containing the required information and the colloquy likewise did not satisfy the requirements of 22 NYCRR 130-1.2. We further find that, given the previously summarized history of these proceedings and the fact that the court orders were ambiguous or directed payment out of an incorrect, unfunded SNT, the trustee's conduct in response to those orders, much of it based upon the advice of counsel, was not shown to be frivolous (see 22 NYCRR 130-1.1 [c]).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order and judgment is reversed, on the law, with costs, trustee's motion to vacate granted and Paul Briggs' cross motion for contempt, counsel fees and sanctions denied.



Footnotes

Footnote 1: An SNT is "a discretionary trust established for the benefit of a person with a severe and chronic or persistent disability (the 'beneficiary') which conforms to [certain] criteria" (EPTL 7-1.12 [a] [5]). An SNT "shelters a disabled person's assets for the dual purpose of securing and maintaining eligibility for state-funded services, and enhancing the disabled person's quality of life with supplemental care paid by his or her trust assets" (Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 105-106 [2010] [internal quotation marks, brackets, ellipsis and citation omitted]). The state receives any funds remaining in the trust upon the death of the beneficiary, with certain limitations (see 42 USC § 1396p [d] [4] [A]).

Footnote 2: Neither the guardian's letter to Supreme Court nor the court evaluator bill are in the record on appeal.

Footnote 3: Contrary to Briggs' argument on appeal, although the trustee did not file a notice of appeal from the September 2016 order or the ex parte order, he did file a notice of appeal from the order entered on July 14, 2017 finding him to be in contempt based upon a violation of those prior orders and denying his motion to vacate the ex parte order. Accordingly, those issues are properly before this Court.

Footnote 4: The guardian's letter is referred to in the ex parte order.

Footnote 5: The September 2016 order expressly indicated that the guardian of the property did not have authority over any trust of which respondent is a beneficiary.

Footnote 6: The 2006 SNT is the only trust bearing respondent's name that is referred to in, and attached to, the guardianship petition. Although the petition also refers to one other trust, a revocable trust bearing the name of respondent's mother, the ex parte order made no reference to this trust which, in any event, was later determined to be unfunded. The court evaluator report had listed the six trusts of which respondent is a beneficiary.

Footnote 7: At the hearing, the guardian and the trustee's counsel informed Supreme Court that the trustee was the executor of respondent's mother's estate, and that funds from that estate, from certain trusts and from the mother's life insurance policy were meant to fund four of the trusts of which respondent is a beneficiary. As of the March 2017 hearing, those trusts had not been funded, although the mother's estate was in probate proceedings. As a result, only one of the six trusts was then funded, the 2008 SNT. The trustee was the named trustee in four of the trusts of which respondent is a beneficiary, before the trustee was removed from that capacity at the March 2017 hearing.