■ Peter Costalas, Appellant, v Vivia Amalfitano et al., Respondents. [808 NYS2d 24]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered February 4, 2005, which denied plaintiff's motion pursuant to CPLR 5015 ·(a) (2) and (3) to vacate the judgment entered herein dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's new evidence showing an ex parte communication initiated by plaintiff's attorney with the trial court does not warrant vacatur of the judgment, since the communication, which was made after the trial court had issued its decision to dismiss the action at the close of plaintiff's evidence, did not concern "the merits of the cause" (Code of Professional Responsibility DR 7-110 [b] [22 NYCRR 1200.41 (b)]), but rather the purely procedural matter of applying for an award of costs and attorneys' fees (*see* Siegel, NY Prac § 428, at 695 [3d ed] [court must be convinced that new evidence would "probably" change the result]; § 429, at 696 [court must be convinced that misconduct complained of is something that could have affected the outcome]). Notably, moreover, defendant never did apply for an award of costs and attorneys' fees. The motion court also properly declined to consider two other ex parte communications that plaintiff first raised only in his reply papers, and which, in any event, also appear to have concerned purely procedural matters that could not have had any effect on the outcome. Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and Mc-Guire, JJ.