■ WENDY TSO-HORIUCHI, Appellant, v KENTARO HORIUCHI, Respondent. BARRY J. GROSS et al., Nonparty Respondents. [997 NYS2d 464]—

In a matrimonial action in which the parties were divorced by judgment entered April 10, 2013, the plaintiff appeals from an order of the Supreme Court, Nassau County (Schwartz Zimmerman, J.), dated March 15, 2012, which denied, without a hearing, her motion for the imposition of costs and sanctions against, among others, the defendant and his counsel pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

A court may impose financial sanctions and/or costs upon a party or attorney who engages in "frivolous conduct" (22 NYCRR 130-1.1 [a]; *see Weissman v Weissman*, 116 AD3d 848, 849 [2014]). "[C]onduct is frivolous if (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; *see Weissman v Weissman*, 116 AD3d at 849). "To avoid sanctions, at the least, the conduct must have a good faith basis" (*Dank v Sears Holding Mgt. Corp.*, 69 AD3d 557, 558 [2010]; *see Matter of Wecker v D'Ambrosio*, 6 AD3d 452, 453 [2004]).

Here, the Supreme Court properly denied, without a hearing, the plaintiff's motion to impose sanctions and costs against, among others, the defendant and his counsel. The challenged conduct did not constitute frivolous conduct (*see Tso-Horiuchi v Horiuchi*, 78 AD3d 818, 818 [2010]; *Dank v Sears Holding Mgt. Corp.*, 69 AD3d at 558). Moreover, contrary to the plaintiff's contention, the submissions in support of her motion were insufficient to warrant a hearing (*see* 22 NYCRR 130-1.1 [d]). Mastro, J.P., Hall, Roman and Maltese, JJ., concur.