# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1258

CA 13-00812

PRESENT: CENTRA, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

KAREN M. MARSHALL, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

DANIEL R. MARSHALL, DEFENDANT-APPELLANT.

---

COHEN & LOMBARDO, P.C., BUFFALO (MICHELLE SCHWACH MIECZNIKOWSKI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES P. RENDA, BUFFALO, FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Henry J.
Nowak, Jr., J.), entered April 3, 2013 in a divorce action. The
order, inter alia, denied the motion of defendant to vacate a judgment
of divorce.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion in part
and vacating those parts of the judgment of divorce that distributed
the parties' assets and as modified the order is affirmed without
costs and the matter is remitted to Supreme Court, Erie County, for
further proceedings in accordance with the following Memorandum:
Defendant appeals from an order that, inter alia, denied his motion to
vacate the parties' judgment of divorce. After plaintiff commenced
this action for divorce, plaintiff's attorney placed an oral
stipulation of settlement on the record before the Matrimonial Referee
regarding, inter alia, distribution of the parties' marital assets.
According to plaintiff's attorney, the parties were awaiting a report
from an individual whom the parties had agreed upon to propose a
resolution for valuing and distributing the parties' various
retirement accounts. If the parties agreed with the proposed
resolution, they would submit an addendum to the stipulation.
Plaintiff's attorney further stated that, in exchange for plaintiff's
agreement to waive her interest in defendant's enhanced earning
capacity (*see generally O'Brien v O'Brien*, 66 NY2d 576, 584), the
parties had agreed that defendant would transfer his title and
interest in the marital residence to plaintiff. In addition,
plaintiff's attorney stated that defendant would continue to make
payments on a home equity loan.

Defendant's attorney agreed with the stipulation as recited by
plaintiff's attorney, but defendant's attorney noted that there were
"three issues" that remained to be resolved, the resolution of which
were dependent upon the recommended valuation and distribution of the

parties' retirement accounts in the forthcoming report.  First, although defendant agreed to the valuation and allocation of the marital residence, defendant did not "fully" agree with the offset due to plaintiff's waiver of her interest in his enhanced earning capacity.  Second, defendant's attorney stated that, although defendant would continue to make payments on the home equity loan, that loan was "tied into the value of the house," which the parties agreed upon "in theory" but were waiting to finalize until they saw the report's recommendation.  Third, the parties had to come to an agreement regarding the allocation of their pension and retirement accounts after reviewing the report.  Plaintiff's attorney agreed that, if the parties were unable to reach an agreement on those issues after reviewing the report, they would return to the Matrimonial Referee, who would hear and determine those issues.  The parties executed a written ratification and adoption of the oral stipulation in accordance with Domestic Relations Law § 236 (B) (3).

With that understanding, defendant withdrew his appearance on the record and allowed plaintiff to proceed in the divorce action in a default posture.  The attorneys for the parties received the report with a proposal for a distribution of the parties' retirement accounts in January 2011, and a judgment of divorce was entered on June 29, 2011.  The judgment noted that defendant had "waived his right to [a]nswer" and had allowed plaintiff "to proceed with her cause of action for divorce by Default."  The parties' stipulation was incorporated but not merged into the judgment of divorce.  In addition, the judgment required that a separate Qualified Domestic Relations Order distributing the parties' retirement accounts be submitted to the court.  The judgment made no mention of the issues of the home equity loan or defendant's enhanced earning capacity.

Within a year of the entry of the judgment, defendant moved to vacate the judgment of divorce pursuant to CPLR 5015 (a) (1).  Defendant averred that he told his attorney that he adamantly disagreed with the report's proposed distribution of the parties' retirement accounts and that he did not wish to finalize the proceedings on those terms.  He further averred that he was unable to contact his former attorney after that meeting, and that, once he learned that a judgment of divorce had been filed, he hired new counsel.  Defendant contended that the distribution of his enhanced earning capacity, the home equity loan, and the parties' retirement accounts remained unresolved.  Plaintiff opposed defendant's motion and cross-moved for an order directing, inter alia, that defendant transfer title of the marital residence to her and contribute financially to their child's college education pursuant to the terms of the stipulation.  Supreme Court denied defendant's motion to vacate the judgment of divorce and granted plaintiff's cross motion in part.

We note at the outset that defendant has not contended in his brief that the court erred in granting plaintiff's cross motion in part, and we therefore deem that issue abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We reject plaintiff's contention that defendant could not move to vacate the judgment based on excusable default pursuant to CPLR 5015 (a) (1) because he appeared and then

withdrew his appearance on the record.  Regardless of the fact that defendant appeared initially, the judgment was entered upon defendant's default.  Defendant therefore could not appeal from the judgment of divorce (*see* CPLR 5511) and, indeed, his only remedy was to move to vacate the judgment of divorce pursuant to CPLR 5015 (a) (1) (*see Tongue v Tongue*, 97 AD2d 638, 638-639, *affd* 61 NY2d 809; *see also Higgins v Higgins*, 158 AD2d 782, 782-783).

We conclude that defendant demonstrated both a reasonable excuse for the default and a meritorious defense (*see Bird v Bird*, 77 AD3d 1382, 1382-1383), and that he is entitled to vacatur of those parts of the judgment of divorce distributing the parties' assets (*see Gorzalkowski v Gorzalkowski*, 190 AD2d 1067, 1067; *Diachuk v Diachuk*, 117 AD2d 985, 985-986), the only parts of the judgment challenged by defendant on appeal (*see Ciesinksi*, 202 AD2d at 984).  Defendant averred that he informed his attorney that he disagreed with the proposed resolution of the parties' retirement accounts and did not want to finalize the judgment on those terms, but that he was subsequently unable to contact his attorney, and a default judgment of divorce was entered without his knowledge.  Furthermore, the judgment of divorce failed to resolve the outstanding issues regarding distribution of the retirement accounts, the home equity loan, and defendant's enhanced earning capacity, which issues the parties expressly acknowledged remained to be resolved and were dependent upon, at least in part, the forthcoming report.

We therefore modify the order accordingly, and we remit the matter to Supreme Court for a hearing to resolve the disputed issues regarding distribution of the parties' retirement accounts, the home equity loan and defendant's enhanced earning capacity (*see Gorzalkowski*, 190 AD2d at 1067).  We do not address the merits of defendant's further contentions that the stipulation itself is unenforceable.  Inasmuch as the stipulation was incorporated but not merged into the judgment of divorce, defendant cannot challenge the stipulation by way of motion but, rather, must do so by commencement of a plenary action (*see Brody v Brody*, 82 AD3d 812, 812; *Zavaglia v Zavaglia*, 234 AD2d 1010, 1010; *Kellman v Kellman*, 162 AD2d 958, 958).  Thus, our decision does not modify or vacate the parties' oral stipulation but, rather, enforces the terms of the stipulation.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court