*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    519252
_____

In the Matter of TINA X.,
                    Appellant,

      v

JOHN X.,                                    MEMORANDUM AND ORDER
                    Respondent.

SCOTT BIELICKI,
                    Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:   September 15, 2015

Before:   Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.


                    _____


        Beth A. Lockhart, Canastota, for appellant.

        Costello, Cooney & Fearon, PLLC, Syracuse (Paul G. Ferrara
of counsel), for Scott Bielicki, respondent.


                    _____


Peters, P.J.

        Appeal from an order of the Family Court of Madison County
(Revoir, J.), entered April 3, 2014, which, in three proceedings
pursuant to Family Ct Act article 6, partially denied
petitioner's motion to, among other things, vacate a stipulation
and order.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of three children (born
in 1997, 2000 and 2007).  Pursuant to a June 2007 stipulated
order that was later incorporated into the parties' judgment of

divorce, the parties shared joint legal custody of the children, with primary physical custody to the mother and parenting time to the father. In March 2012, the mother commenced proceedings seeking enforcement and modification of the visitation provisions of the June 2007 order. Family Court (McDermott, J.) thereafter notified Scott Bielicki that it intended to assign him to represent the children in these proceedings, in response to which Bielicki disclosed to the court that he had recently been involved in prosecuting the mother on a charge of endangering the welfare of a child in his capacity as a part-time Assistant District Attorney in Madison County. Despite this disclosure, Family Court determined that there was no conflict that would disqualify Bielicki from representing the children in this matter and appointed him as the attorney for the children.

In November 2012, the father petitioned for sole legal and primary physical custody of the children, and an order was subsequently entered awarding him temporary custody. Following a settlement conference with the Family Court Judge's court attorney in September 2013, the parties stipulated to an order providing for joint legal custody, with the father having primary physical custody and the mother receiving parenting time. The following month, the mother moved to disqualify Bielicki and vacate the stipulation and order on the basis of, among other things, a conflict of interest. Following oral argument and written submissions on the conflict issue, Family Court (Revoir, J.) found that no conflict of interest existed precluding Bielicki from serving as the attorney for the children and partially denied the mother's motion.[1] The mother appeals.

The children continue to be represented by Bielicki on this appeal (see Family Ct Act § 1120 [b]). Bielicki has not, however, filed a brief on behalf of the children. Instead, he has retained private counsel who has submitted a brief on his behalf, arguing that no conflict of interest existed and seeking an affirmance of Family Court's order declining to vacate the

---

[1] Family Court scheduled a hearing on the mother's additional claim that the stipulation and order were procured by fraud, duress and/or undue influence.

custody stipulation on that ground.  Under the particular circumstances of this case, and given that Bielicki's interests on this appeal may well be adverse to those of the children (see 22 NYCRR 7.2 [b], [d]), we deem it appropriate to relieve Bielicki of his assignment as attorney for the children on this appeal (see generally Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1095 [2009]).  Accordingly, the decision of this Court will be withheld and a new attorney will be assigned to represent the children on this appeal.

Lahtinen, McCarthy and Lynch, JJ., concur.

ORDERED that the decision is withheld, appellate counsel for the children is relieved of assignment and new counsel to be assigned to represent the children on this appeal.

ENTER:

Robert D. Mayberger
Clerk of the Court