*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 14, 2016                519252
_____

In the Matter of TINA X.,
                          Appellant,

        v

JOHN X.,
                    Respondent.        MEMORANDUM AND ORDER

SCOTT BIELICKI,
                    Respondent.

(And Two Other Related Proceedings.)
_____

Calendar Date:   September 15, 2015

Before:   Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Beth A. Lockhart, Canastota, for appellant.

        Costello, Cooney & Fearon, PLLC, Syracuse (Paul G. Ferrara
of counsel), for Scott Bielicki, respondent.

        Donna Chin, Ithaca, attorney for the child.

        Margaret McCarthy, Ithaca, attorney for the child.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Madison County
(Revoir, J.), entered April 3, 2014, which, in three proceedings
pursuant to Family Ct Act article 6, partially denied
petitioner's motion to, among other things, vacate a stipulation
and order.

Pursuant to a June 2007 stipulated order, petitioner (hereinafter the mother) and respondent (hereinafter the father) shared joint legal custody of their three children (born in 1997, 2000 and 2007), with the mother having primary physical custody and the father receiving parenting time. In 2012, the mother filed petitions seeking to enforce and modify the visitation provisions of that order. When Family Court (McDermott, J.) notified Scott Bielicki that it intended to assign him to represent the children in these proceedings, Bielicki disclosed to the court that he had previously been involved in prosecuting the mother on a charge of endangering the welfare of a child in his capacity as a part-time Assistant District Attorney in Madison County. Notwithstanding this disclosure, Family Court concluded that there was no conflict that would disqualify Bielicki from representing the children in this matter and appointed him as the attorney for the children.

Thereafter, the father petitioned for sole legal and primary physical custody of the children, and an order was subsequently entered granting him temporary custody. Following a settlement conference with the Family Court Judge's court attorney in September 2013, the parties agreed to resolve the pending petitions and stipulated to an order providing for joint legal custody, with primary physical custody to the father and parenting time to the mother. The following month, after obtaining new counsel, the mother moved to disqualify Bielicki and vacate the stipulation and order on the grounds that Bielicki suffered from a conflict of interest and had coerced her into entering into the stipulation by "fraud, duress and/or undue influence." Following oral argument and written submissions on the conflict issue, Family Court (Revoir, J.) found that no conflict of interest existed precluding Bielicki from serving as the attorney for the children and partially denied the mother's motion.[1] The mother appealed.

_____

[1] A hearing was subsequently held on the mother's claim that the stipulation and order were procured by fraud, duress and/or undue influence on the part of Bielicki. In a detailed decision and order entered on March 15, 2016, Family Court found the mother's allegations to be "false, fabricated, frivolous" and

Although Bielicki's representation of the children continued on this appeal (see Family Ct Act § 1120 [b]), he did not file a brief on the children's behalf.  Instead, Bielicki retained private counsel who, in turn, submitted a brief on his behalf solely addressing the accusations of unethical behavior and conflict of interest.  For that reason, we withheld decision and ordered the appointment of a new attorney for the children (132 AD3d 1173 [2015]).  New appellate counsel was thereafter assigned for each of the two younger children,[2] who now appear on their behalf.

Relying on a rule of this Court and various Rules of Professional Conduct, the mother contends that Bielicki's prior involvement in prosecuting her on the child endangerment charge created a per se conflict of interest that precluded him from serving as the attorney for the children in this matter and warrants vacatur of the stipulation and order.  22 NYCRR 835.3 (c) provides, in pertinent part, that "[a]n attorney who serves as district attorney, county attorney, or municipal corporation counsel, or as an assistant in such office, shall not be assigned or accept assignment in any court as an attorney for the child in the county where the attorney so serves in any type of proceeding in which such office could represent a party" (Rules of App Div, 3d Dept [22 NYCRR] § 835.3 [c] [emphasis added]).  As Family Court noted, this provision is inapplicable here inasmuch as there is no circumstance under which a District Attorney's office could represent a party in a custody proceeding.  District

_____

contrary to the "credible recollection" of the events as testified to by the father's witnesses.  Accordingly, the court denied that branch of the mother's motion, concluded that she had engaged in frivolous conduct and imposed sanctions against her pursuant to 22 NYCRR 130-1.1.

[2]  The parties' oldest child, having reached the age of 18 during the pendency of this appeal, is no longer subject to the custody order (see Family Ct Act §§ 119 [c]; 651).  Accordingly, any issue of custody or visitation with respect to him has been rendered moot (see Helm v Helm, 92 AD3d 1164, 1164 n 1 [2012]; Matter of Carnese v Wiegert, 273 AD2d 554, 556 [2000]).

Attorneys prosecute crimes and offenses occurring in the county where elected and, even in that capacity, act not on behalf of any particular person, but on behalf of the State of New York (see County Law § 700, 927; Della Pietra v State of New York, 71 NY2d 792, 796 [1988]; Matter of Matthew FF., 179 AD2d 928, 928-929 [1992]). In short, the subject portion of this Court's rule was meant to prevent a governmental attorney from serving as an attorney for the child in a Family Court proceeding in which his or her office could appear on behalf of a party — such as in a juvenile delinquency or Family Ct Act article 10 neglect or abuse proceeding (see Family Ct Act §§ 254, 254-a, 301.2 [12]; 1032) — a situation that plainly does not exist here. Thus, 22 NYCRR 835.3 (c) did not bar Bielicki from serving as the attorney for the children in these proceedings.

The mother also argues that Bielicki's representation of the children violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.11 (c), which provides that "a lawyer having information that the lawyer knows is confidential government information about a person, acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person." The rule defines confidential governmental information as "information that has been obtained under governmental authority and that, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and that is not otherwise available to the public" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.11 [c]).

It is undisputed that Bielicki, in his capacity as Assistant District Attorney, was personally involved in the prosecution of the child endangerment charge against the mother,[3]

---

[3] The record reflects that Bielicki completed a pretrial notice form and prepared a document offering the mother a six-month adjournment in contemplation of dismissal. According to the mother, a different Madison County Assistant District Attorney appeared in court when her case was called, and she did

that such charge was deemed dismissed as a result of an adjournment in contemplation of dismissal (see CPL 170.55) and, therefore, the records of that criminal prosecution were sealed (see CPL 160.50 [1], [3] [b]).  It is also evident that such confidential governmental information obtained by Bielicki in his capacity as Assistant District Attorney could be used to the disadvantage of the mother in this custody proceeding.  That said, the mere appearance of impropriety, standing alone, is insufficient to warrant vacatur of the underlying stipulation and order (see Matter of Lovitch v Lovitch, 64 AD3d 710, 711 [2009]; Christensen v Christensen, 55 AD3d 1453, 1455 [2008]; see also Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2006]).  Rather, the mother was required to show actual prejudice or a substantial risk of an abused confidence (see People v Herr, 86 NY2d 638, 642 [1995]; Matter of Lovitch v Lovitch, 64 AD3d at 711; Christensen v Christensen, 55 AD3d at 1455; Matter of Stephanie X., 6 AD3d 778, 779-780 [2004]).

Here, there is nothing in the record to indicate that Bielicki used any information obtained during the prior criminal action to gain an unfair advantage in this custody proceeding (see Matter of Richard UU., 56 AD3d 973, 978 [2008]; Matter of Matthew FF., 179 AD2d at 928-929; see also Matter of Aaron W. v Shannon W., 96 AD3d 960, 962 [2012]).  Indeed, it was the father who disclosed the existence of the child endangerment charge, as well as the facts underlying such charge, in both his petition to modify custody and subsequent order to show cause.  Nor is there anything in the record suggesting that Bielicki was biased in representing the children based upon his knowledge of the facts surrounding the mother's prosecution (see Matter of Hurlburt v Behr, 70 AD3d 1266, 1266-1267 [2010], lv dismissed 15 NY3d 943 [2010]; Matter of Lovitch v Lovitch, 64 AD3d at 712; compare Davis v Davis, 269 AD2d 82, 85-86 [2000]).[4]  Thus, while

_____

not become aware of Bielicki's involvement until after she had signed the custody stipulation and order at issue here.

[4]  While Bielicki's knowledge of the facts and circumstances surrounding the mother's child endangerment prosecution might be relevant to her claims of duress, coercion and undue influence,

Bielicki's assignment as attorney for the children in this matter was contrary to the standards set forth in Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.11 (c) — and, for that reason, Family Court (McDermott, J.) should not have permitted Bielicki to serve in that capacity — such error, without more, does not warrant vacatur of the stipulation and order.

The mother's claim that Bielicki engaged in an ex parte communication with Family Court, in violation of the Rules of Professional Conduct, is similarly unavailing.  The challenged communication occurred prior to Bielicki's appointment as attorney for the children and, moreover, did not address the "merits of the matter" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.5 [a] [2]; see Costalas v Amalfitano, 23 AD3d 303, 304 [2005]).  Nor could any purported violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9 serve as a basis for disqualifying Bielicki or vacating the stipulation and order, as that rule concerns an attorney's duties to a former client, which the mother is not.  The mother's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be lacking in merit.

Lahtinen, McCarthy and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

we reiterate that those distinct claims were bifurcated from the conflict issue and addressed by Family Court in a separate hearing (see n 1, supra).