■ In the Matter of THOMAS FLANIGAN, Petitioner, v BONNIE SMYTH, Respondent. PAUL W. VAN RYN et al., Appellants. [50 NYS3d 572]—

Egan Jr., J. Appeal, by permission, from an order of the Family Court of Albany County (M. Walsh, J.), entered October 28, 2015, which imposed monetary sanctions against Linda A. Mandel Clemente and Paul W. Van Ryn.

This appeal has its genesis in a dispute between petitioner (hereinafter the father) and respondent (hereinafter the mother) concerning custody of and visitation with their son (born in 2000). By order entered April 24, 2012, the mother was awarded sole custody of the child and the father was granted an initial visit with the child—to be followed by "such other and further visits as the parents can mutually agree taking into consideration the wishes of their child." Difficulties between the mother and the father persisted, further orders were issued and additional petitions were filed, culminating in a hearing that began on November 15, 2013 and continued on various dates throughout 2014. In conjunction therewith, the father was represented by two separate attorneys—Linda A. Mandel Clemente and Paul W. Van Ryn.[1]

Insofar as is relevant here, Family Court subsequently advised the parties via fax that it needed to reschedule the hearing dates planned for January 23, 2015 and January 28, 2015. Dissatisfied with the adjourned hearing dates and the manner in which Family Court attempted to reschedule the hearing, Mandel Clemente moved to recuse Family Court, a motion in which Van Ryn subsequently joined, contending that the court engaged in ex parte communications with opposing counsel, refused to schedule a continuation of the hearing in an expeditious manner and demonstrated bias against the father

---

1. In a January 2015 letter to Family Court, Van Ryn represented that both he and Mandel Clemente were attorneys of record for the father and were acting as co-counsel; Mandel Clemente characterized herself as "lead counsel."

as a litigant and against Mandel Clemente as an attorney. By order entered May 15, 2015, Family Court, among other things, denied the father's recusal motion and directed his attorneys to show cause why they should not be sanctioned for engaging in frivolous conduct. The father's subsequent motion for, among other things, renewal was denied, and a sanctions hearing was scheduled for August 31, 2015. At the conclusion thereof, Family Court found that the father's attorneys had engaged in sanctionable conduct and, by order entered October 28, 2015, sua sponte sanctioned Mandel Clemente and Van Ryn $2,500 each for engaging in frivolous conduct, i.e., bringing the baseless recusal motion, within the meaning of 22 NYCRR 130-1.1. The father's attorneys now appeal by permission of this Court.[2]

A court, in its discretion, may impose financial sanctions upon a party or an attorney who engages in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (*see Tso-Horiuchi v Horiuchi*, 122 AD3d 918, 918 [2014]; *Navin v Mosquera*, 30 AD3d 883, 883 [2006]; 22 NYCRR 130-1.1 [a]). To that end, conduct is deemed frivolous if "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; *accord Tso-Horiuchi v Horiuchi*, 122 AD3d at 918). "Sanctions may be imposed either upon a party's motion or 'upon the court's own initiative, after a reasonable opportunity to be heard' " (*Shields v Carbone*, 99 AD3d 1100, 1101 [2012], quoting 22 NYCRR 130-1.1 [d]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues[,] the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of

---

**2.** Although the notice of appeal purports to appeal from the October 2015 order and "all prior decisions and orders incorporated therein," the father's attorneys were granted permission to appeal from only the October 2015 order imposing sanctions upon them. Hence, to the extent that Van Ryn has devoted the bulk of his brief to addressing the merits of the underlying custody and visitation dispute, these issues are not properly before us. Further, although the notice of appeal was filed in the father's name, given that the sole issue before this Court is the propriety of the sanctions imposed upon the father's attorneys, Mandel Clemente should have filed the notice of appeal on her own behalf (*see Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196 n [2013]). Finally, we note that subsequent motions for, among other things, a stay, to consolidate and for a preference were denied by this Court in February 2016.

legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]). To avoid the imposition of sanctions, the conduct at issue must, at the very least, "have a good faith basis" (*Tso-Horiuchi v Horiuchi*, 122 AD3d at 918 [internal quotation marks and citation omitted]). The imposition of sanctions is a matter committed to the court's sound discretion and, absent an abuse thereof, will not be disturbed (*see De Ruzzio v De Ruzzio*, 287 AD2d 896, 896 [2001]; *McCue v McCue*, 225 AD2d 975, 977 [1996]). Such sanctions may be imposed, however, "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2; *see Matter of Village of Saranac Lake*, 64 AD3d 958, 961 [2009]; *Matter of Schermerhorn v Quinette*, 28 AD3d 822, 823 [2006]).

Here, there is no dispute that Family Court placed the father's attorneys on notice of the conduct at issue and, further, that the father's attorneys were afforded an opportunity to be heard at the ensuing sanctions hearing. There also is no question that, following the conclusion of that hearing, Family Court rendered a written decision and order satisfying the requirements of 22 NYCRR 130-1.2. Hence, the issue distills to whether Family Court abused its discretion in sanctioning the father's attorneys. To our analysis, the answer to that inquiry is no.

The frivolous conduct upon which sanctions ultimately were imposed here originated in the context of the father's motion to recuse Family Court from presiding over the underlying custody and visitation dispute, wherein the father's attorneys alleged that Family Court engaged in impermissible ex parte communications with opposing counsel, encouraged opposing counsel to violate the Rules of Professional Conduct (22 NYCRR 1200.0) and demonstrated bias against both Mandel Clemente (as a "female attorney") and the father (as an "elderly male") by treating Mandel Clemente in a dismissive fashion and refusing to expeditiously reschedule certain hearing dates. Family Court deemed these "factually baseless assertions" to be both material and false statements (*see* 22 NYCRR 130-1.1 [c] [3]) that, in turn, "were undertaken for the purpose of harassing and impugning the integrity of the [c]ourt" and only served to further delay an already protracted proceeding. We agree.

Family Court engaged in no prohibited ex parte communications with anyone. The allegations made by the father's at-

torneys in this regard stem from a January 16, 2015 fax from Family Court to each of the four attorneys involved—Mandel Clemente, Van Ryn, counsel for the mother and the attorney for the child—advising of the need to reschedule the January 2015 hearing dates, proposing four potential hearing dates in February 2015 and asking that counsel respond—via return fax—as to their availability. Counsel for the mother and the attorney for child responded to Family Court as instructed, but neglected to copy the father's attorneys on their respective replies.

Contrary to the arguments made by the father's attorneys, nothing on the face of Family Court's January 2015 fax solicited or importuned an ex parte response by counsel or otherwise encouraged counsel to violate the Rules of Professional Conduct (22 NYCRR 1200.0). Furthermore, although the responses sent to Family Court by the mother's attorney and the attorney for the child indeed constituted ex parte communications by them (not the court), such communications were made solely for scheduling purposes. Accordingly, no impermissible ex parte communications occurred (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.5 [a] [2]; *Matter of Tina X. v John X.*, 138 AD3d 1258, 1262 [2016]; *Costalas v Amalfitano*, 23 AD3d 303, 304 [2005]).

Nor is there any merit to the claim that Family Court itself either initiated or otherwise participated in any impermissible ex parte communications with counsel. The record on appeal contains copies of two emails authored by Family Court—one dated January 27, 2015 at 2:48 p.m. (addressed to the attorney for the child and the mother's attorney with a copy to Van Ryn) and the other dated February 2, 2015 at 8:33 a.m. (addressed to Van Ryn with copies to the mother's attorney and the attorney for the child); the January 2015 email dealt with a scheduling issue, and the February 2015 email was in response to multiple letters that Van Ryn had sent to the court relative to scheduling issues and allegations of ex parte communications. Although Mandel Clemente was not copied on either of these emails, Van Ryn—as cocounsel for the father—was included. Hence, as at least one attorney for each party was included in such correspondence, it necessarily follows that no ex parte communication occurred.[3] Accordingly, we find no record support for the claim that Family Court committed any

---

3. Although the record also suggests that Family Court sent an additional email on January 27, 2015 at 9:21 a.m. that, according to Van Ryn, he did not "receive directly," Van Ryn himself characterized this email as "the email that sa[id] that the dates would not work out and [that] the [c]ourt [had] sug-

improprieties here. Finally, however inartful Family Court's February 2015 email to counsel may have been relative to the allegations of ex parte communications, the strained interpretation fashioned by the father's attorneys and the corresponding assertion that Family Court lied on this point are entirely lacking in merit. In short, upon reviewing the record as a whole, we find that the allegations of wrongdoing made by the father's attorneys are factually inaccurate, legally unsustainable and, hence, frivolous.

We reach a similar conclusion with respect to the claims of judicial bias. Simply put, the record before us is devoid of any support for either Mandel Clemente's claim that Family Court evidenced bias against her as a female attorney or Van Ryn's claim that Family Court, by allegedly failing to reschedule certain hearing dates in an expeditious fashion, demonstrated bias against the father—an "elderly male" who lived in California (*see Matter of Adams v Bracci*, 100 AD3d 1214, 1215-1216 [2012]). Further, Family Court is vested with the authority to control its own calendar (*see Matter of Bow v Bow*, 117 AD3d 1542, 1545 [2014]), and the complained of delay in rescheduling the necessary hearings appears to have been occasioned by a multitude of factors—not the least of which being the difficulties associated with coordinating hearing dates during certain holiday periods and among four busy attorneys with conflicting schedules. In any event, there is absolutely no record support for the proposition that Family Court intentionally adjourned and/or delayed the rescheduling of the underlying hearings in some sort of effort to bestow a tactical advantage upon the mother.

As to the monetary sanctions imposed, Family Court clearly explained the basis for the dollar figure assessed—citing, among other things, "the gravity of the frivolous conduct," "the amount of resources needlessly expended as the result [there]of" and "the amount of time" that was taken away from the merits of the underlying proceeding—and our review of the record reveals no abuse of the court's discretion in this regard.

gested [an alternative hearing date]." Even assuming, without deciding, that the father's attorneys were not included in this particular email exchange regarding hearing dates, "[e]x parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond" (22 NYCRR 100.3 [B] [6] [a] [italics omitted]).

The remaining arguments raised by the father's attorneys are either not properly before us or have been examined and found to be lacking in merit.

Garry, J.P., Devine, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.