■ ALPHONSO ANDERSON, Appellant, v GLORIA ANDERSON, Also Known as GLORIA MORGAN, Respondent. [61 NYS3d 405]—

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered June 20, 2016. The order, insofar as appealed from, denied the motion of plaintiff for his marital share of the value of the degree defendant earned during the course of the marriage.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs by vacating the first ordering paragraph, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: As limited by his

brief, plaintiff appeals from that part of an order that denied his motion to recover his marital interest in a Master's degree earned by defendant during the course of their marriage. An oral stipulation of settlement, which was incorporated but not merged into the judgment of divorce, included a provision that entitled plaintiff to an interest in defendant's Master's degree. The parties, however, did not stipulate to the valuation of the degree or the extent of plaintiff's interest in the degree. Nine years after the entry of the judgment of divorce, plaintiff moved to recover his interest in the degree. In support of his motion, he submitted a valuation by an accountant who opined that "the calculated value of $223,116 fairly represents the marital portion of the increased earnings capacity due to [defendant's] master's degree." In opposition to the motion, defendant contested only the valuation of her Master's degree and the extent of plaintiff's marital interest therein, and submitted a valuation by an accountant who opined that her enhanced earnings capacity "equates to a total present value of $18,529." Nevertheless, Supreme Court denied plaintiff's motion on the ground that there was "no enforceable stipulation" with respect to the degree. That was error.

It is well settled that a party to a stipulation that is incorporated but not merged into a judgment of divorce "cannot challenge the [enforceability of the] stipulation by way of motion but, rather, must do so by commencement of a plenary action" (*Marshall v Marshall*, 124 AD3d 1314, 1317 [2015]; *see Verna v Verna*, 134 AD3d 1438, 1438 [2015]). Conversely, a party *seeking to enforce* the terms of such a stipulation may do so either by a motion to enforce the judgment (*see generally Marshall*, 124 AD3d at 1317), or by a plenary action (*see Sacks v Sacks*, 220 AD2d 736, 737 [1995]). In this case, the issue whether the stipulation was enforceable was not properly before the court because defendant did not commence a plenary action challenging its enforceability. Rather, plaintiff moved to enforce the judgment incorporating the stipulation, and defendant effectively conceded that the stipulation was enforceable when she asserted that the only questions before the court were the valuation of her Master's degree and the extent of plaintiff's marital interest therein. Thus, we conclude that the court erred in denying plaintiff's motion on the ground that the stipulation was unenforceable (*see generally Marshall*, 124 AD3d at 1317; *Barany v Barany*, 71 AD3d 613, 615 [2010]). We therefore reverse the order insofar as appealed from, and we remit the matter to Supreme Court for a hearing to determine the value of plaintiff's interest in defendant's degree.

Defendant's contention concerning the defense of laches is

raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.