■ In the Matter of TINA X., Appellant, v JOHN X., Respondent. (And Three Other Related Proceedings.) [67 NYS3d 695]—

Rumsey, J. Appeal from an order of the Family Court of Madison County (Revoir, J.), entered March 15, 2016, which, in three proceedings pursuant to Family Ct Act article 6, among other things, sanctioned petitioner.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 1997, 2000 and 2007). In March 2012, the mother filed petitions seeking to enforce and modify the provisions of a June 2007 stipulated order governing custody and visitation of the children. In November 2012, the father filed a petition seeking modification of the June 2007 order. In September 2013, a settlement conference was conducted by Family Court (McDermott, J.) that resulted in the parties entering into a stipulation, which was ultimately reduced to an order, that modified the 2007 order by providing for joint legal custody, primary physical placement with the father and visitation for the mother. In October 2013, after obtaining new counsel, the mother moved to disqualify Scott Bielicki, the attorney for the children, on the basis of a conflict of interest, and to vacate the September 2013 stipulated order due to the alleged conflict of interest and on the further ground that she had been coerced to enter into the stipulation by fraud, duress or undue influence. The father and Bielicki opposed the motion and sought sanctions against the mother pursuant to 22 NYCRR 130-1.1. By order entered in March 2014, Family Court (Revoir, J.) found that there was no conflict of interest precluding Bielicki from serving as the attorney for the children and denied the mother's motion to the extent that it sought vacatur on that basis. This Court affirmed (138 AD3d 1258 [2016]). After a hearing on the remaining issues, including whether the mother had been coerced into signing the stipulation, Family Court found that the mother's motion was based on material statements of fact that were false, denied her motion in all respects and imposed sanctions against her, pursuant to 22 NYCRR 130-1.1 (c) (3), in the total amount of $3,500. The mother now appeals.

The mother's sole argument on appeal is that Family Court erred in imposing sanctions on her on the basis that her conduct was frivolous. "A court, in its discretion, may impose financial sanctions upon a party or an attorney who engages in frivolous conduct within the meaning of 22 NYCRR 130-1.1. To that end, conduct is deemed frivolous if '(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false' " (*Matter of Flanigan v Smyth*, 148 AD3d 1249, 1250 [2017], quoting 22 NYCRR 130-1.1 [c], *lv dismissed and denied* 29 NY3d 1046 [2017]). Sanctions may be imposed only after the party to be sanctioned is afforded a reasonable opportunity to be heard (*see Matter of Flanigan v Smyth*, 148 AD3d at 1250) and upon a written decision " 'setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate' " (*id.* at 1251, quoting 22 NYCRR 130-1.2). Further, an award of sanctions will not be disturbed absent an abuse of discretion (*see id.* at 1251).

Here, the mother had the opportunity to address the request for sanctions at the evidentiary hearing held by Family Court. She now contends that there was no basis for imposing sanctions pursuant to 22 NYCRR 130-1.1 (c) (1), because her motion to disqualify Bielicki raised meritorious issues, or pursuant to 22 NYCRR 130-1.1 (c) (2), because there is no evidence in the record that she brought the motion for an improper purpose. Although she admitted that her testimony regarding the conduct of the settlement conference was controverted, the mother further contends that sanctions were also not warranted pursuant to 22 NYCRR 130-1.1 (c) (3), because there is no evidence that she made material factual statements that were false regarding the issue of Bielicki's appointment as attorney for the children.

The mother's argument—which focuses primarily on the portion of her motion that sought to disqualify Bielicki and vacate the September 2013 stipulated order on that basis—evinces a fundamental misunderstanding of Family Court's order. The court considered the merits of the mother's motion seeking disqualification of Bielicki and did not characterize that aspect of her motion as frivolous. The sole reason that the court imposed sanctions on the mother was its determination that

her testimony regarding the settlement conference was completely false. In a thorough written decision, the court engaged in an extensive review of the testimony adduced at the hearing regarding conduct of the settlement conference and concluded that the mother's testimony that she had been threatened and cajoled into accepting the settlement and that she was visibly upset when the stipulation was presented and executed on the record was completely false. The court specifically found that the mother's testimony was controverted by the mother's own testimony on cross-examination and, further, by the testimony of numerous other individuals who had been present at, and presented consistent accounts of, the settlement conference. Thus, we find no abuse of discretion in the award of sanctions against the mother.*

Peters, P.J., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The mother abandoned any argument with respect to the amount of the sanctions imposed by not addressing that issue in her appellate brief (see McConnell v Wright, 151 AD3d 1525, 1526 n [2017]; Miller v Genoa AG Ctr., Inc., 124 AD3d 1113, 1114 n [2015]).