DePerno v DePerno (2018 NY Slip Op 01001)





DePerno v DePerno


2018 NY Slip Op 01001


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


193.1 CA 15-00543

[*1]JANE F. DEPERNO, PLAINTIFF-RESPONDENT,
v
DANIEL W. DEPERNO, DEFENDANT-APPELLANT. 






DANIEL W. DEPERNO, DEFENDANT-APPELLANT PRO SE. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (ERIN E. MCCAMPBELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 18, 2015. The order denied defendant's motion to vacate the parties' amended default judgment of divorce. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order that denied his motion to vacate the parties' amended default judgment of divorce. We affirm. In his motion, defendant contended only that vacatur was warranted on the ground of excusable default, which requires a showing of both a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]; see e.g. Marshall v Marshall, 124 AD3d 1314, 1317 [4th Dept 2015]; Cavallaro v Cavallaro [appeal No. 2], 278 AD2d 812, 813 [4th Dept 2000], lv dismissed 96 NY2d 792 [2001]). Despite the well-established " liberal policy with respect to vacating default judgments in matrimonial actions' " (Telly v Telly, 242 AD2d 928, 928 [4th Dept 1997]), "it is well settled that [t]he determination of whether . . . to vacate a default . . . is generally left to the sound discretion of the court' " (Mills v Mills, 111 AD3d 1306, 1307 [4th Dept 2013], lv dismissed 22 NY3d 1167 [2014]). Under the circumstances of this case, we conclude that Supreme Court did not abuse its discretion in determining that defendant did not establish a reasonable excuse for the default or a meritorious defense.
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court