Matula v Matula (2018 NY Slip Op 01365)





Matula v Matula


2018 NY Slip Op 01365


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

524093

[*1]BRIAN W. MATULA, Appellant,
v
ANNEMARIE R. MATULA, Respondent.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Brian W. Matula, Albany, appellant pro se.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.
Paige E. Crable, Albany, attorney for the children.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Connor, J.), entered February 4, 2016 in Albany County, which, among other things, denied plaintiff's motion to, among other things, set aside the parties' settlement agreement.
In August 2014, plaintiff (hereinafter the husband) commenced this action in Supreme Court seeking a divorce from defendant (hereinafter the wife). In March 2015, the parties entered into a stipulated settlement agreement, and, in September 2015, a judgment of divorce was entered, which incorporated, but did not merge with, the settlement agreement. In January 2016, the husband, an attorney admitted to practice in this state, moved pro se by order to show cause in this action to enjoin the
wife from enforcing, and challenging the validity of, certain provisions of the settlement agreement and for sanctions against the wife's counsel for making allegedly misleading statements to Supreme Court (see 22 NYCRR 130-1.1). The wife cross-moved to dismiss the husband's motion and requested counsel fees in the amount of $3,028.75, which reflected the amount of fees incurred as a result of defending the husband's motion. Supreme Court denied the husband's requested relief and granted the wife's application for counsel fees in the requested amount. The husband now appeals.
We affirm. We first address the husband's contention that Supreme Court erred in determining that he was required to commence a separate plenary action in order to challenge the enforceability of the settlement agreement. "It is well established that the terms of a separation [*2]agreement incorporated, but not merged, into a judgment of divorce are contractually binding on the parties" (Matter of McCauley v New York State & Local Employees' Retirement Sys., 146 AD3d 1066, 1068 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 906 [2017]; see Holsberger v Holsberger, 154 AD3d 1208, 1210 [2017]; Bell v Bell, 151 AD3d 1529, 1529 [2017]). In cases where a settlement agreement is not merged into a judgment of divorce, a postjudgment motion within the matrimonial action is not the proper vehicle for challenging or annulling the settlement agreement or the support obligations included therein (see Marshall v Marshall, 124 AD3d 1314, 1317 [2015]; Brody v Brody, 82 AD3d 812, 812 [2011]; Dudla v Dudla, 304 AD2d 1009, 1010 [2003]; Frieland v Frieland, 200 AD2d 484, 484 [1994]).
Here, the record reflects that, although the settlement agreement was incorporated, but not merged, into the judgment of divorce, the husband nevertheless moved postjudgment to invalidate that agreement. Inasmuch as the proper vehicle for challenging the propriety of the support provisions contained in that agreement was a separate plenary action, Supreme Court properly denied the husband's postjudgment motion (see Anderson v Anderson, 153 AD3d 1627, 1628 [2017]; Marshall v Marshall, 124 AD3d at 1317; Darragh v Darragh, 163 AD2d 648, 649 [1990]). The existence of related proceedings in Family Court did not provide Supreme Court with a proper basis to entertain the husband's attempt to invalidate the settlement agreement by postjudgment motion in Supreme Court (cf. Campello v Alexandre, 155 AD3d 1381, 1382 [2017]; Holsberger v Holsberger, 154 AD3d at 1210; Barany v Barany, 71 AD3d 613, 614 [2010]; Gusler v Gusler, 183 AD2d 1070, 1070-1071 [1992]).
The husband also contends that Supreme Court abused its discretion by awarding the wife excessive counsel fees. Although the settlement agreement in question directs an award of "any and all" counsel fees incurred by a party that successfully defends the validity of the settlement agreement, Supreme Court "retained its inherent authority to determine" the reasonableness of the wife's purported fees (Fermon v Fermon, 135 AD3d 1045, 1049 n [2016] [internal quotation marks and citation omitted]; see Orix Credit Alliance v Grace Indus., 261 AD2d 521, 521-522 [1999], lv denied 93 NY2d 818 [1999]; see generally Matter of Stortecky v Mazzone, 85 NY2d 518, 525-526 [1995]). To that end, the court was required to consider whether there was an evidentiary basis to establish the value of the legal services performed in responding to the husband's order to show cause (see Fermon v Fermon, 135 AD3d at 1049; Fackelman v Fackelman, 71 AD3d 724, 726-727 [2010]). Here, the parties submitted retainer agreements between the wife and her counsel from 2014 and 2016, which reflected that the hourly rates for the wife's counsel remained substantially the same, and a billing statement itemizing 10.55 hours of work performed by two attorneys and a paralegal in response to the husband's postjudgment motion. Supreme Court found that the amount of fees incurred was appropriate and awarded the wife $3,028.75, and we perceive no abuse of discretion in its decision to do so given the evidentiary support in the record for those fees (see Kimberly C. v Christopher C., 155 AD3d 1329, 1336 [2017]; Fermon v Fermon, 135 AD3d at 1049; compare Curley v Curley, 125 AD3d 1227, 1231 [2015]; Yarinsky v Yarinsky, 2 AD3d 1108, 1110 [2003]).
Finally, we have examined the husband's contention that Supreme Court should have sanctioned the wife's counsel and find it to be without merit. In our view, the challenged statements contained in a January 2016 letter prepared by the wife's counsel do not amount to frivolous conduct, but are instead more properly characterized as good-faith efforts to oppose the husband's postjudgment motion. We therefore discern no basis upon which to disturb Supreme Court's exercise of its discretion to deny the husband's request for sanctions pursuant to 22 NYCRR 130-1.1 (see Wells v Hodgkins, 150 AD3d 1449, 1452 [2017]; compare Matter of Tina [*3]X. v John X., 156 AD3d 1152, 1153-1154 [2017]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1251 [2017], lv dismissed 29 NY3d 1046 [2017]).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.