Matter of Gwenyth V. (Jennifer W.--McCarthy) (2018 NY Slip Op 01374)





Matter of Gwenyth V. (Jennifer W.--McCarthy)


2018 NY Slip Op 01374


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525258

[*1]In the Matter of GWENYTH V., Alleged to be a Neglected Child. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner;
JENNIFER W., Respondent. NOREEN E. McCARTHY, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey and Aarons, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (John T. Maloney of counsel), for appellant.
Jessica H. Vinson, Glens Falls, attorney for the child.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered October 6, 2016, which, among other things, in a proceeding pursuant to Family Ct Act article 10, imposed monetary sanctions against Noreen E. McCarthy.
Respondent is the mother of the subject child (born in 2007). In June 2016, after petitioner commenced the underlying neglect proceeding pursuant to Family Ct Act article 10, an order
of fact-finding and disposition found respondent, upon her consent without admission, to have neglected the child and placed the child "in the custody" of the paternal aunt; a corresponding order of protection stated that the aunt had "sole legal and physical custody of the child." Thereafter, in September 2016, attorney Noreen E. McCarthy was assigned to represent respondent at a subsequent permanency hearing. While the permanency hearing was adjourned, McCarthy sent a subpoena duces tecum to the child's counseling provider for her health records, representing that respondent was the child's "legal guardian" and attaching a 2012 custody order that had granted respondent primary physical custody and joint legal custody with the child's [*2]father. By order to show cause, the attorney for the child moved to quash the subpoena. In an affirmation supporting the motion, petitioner requested that Family Court consider imposing sanctions against McCarthy for frivolous conduct. Family Court granted the motion and, upon finding that McCarthy had made material statements of fact that were false, imposed $1,000 in sanctions. McCarthy appeals.[FN1]
A court may, in its discretion, impose monetary sanctions against an attorney for frivolous conduct after affording him or her a reasonable opportunity to be heard, and such determination will not be disturbed absent an abuse of that discretion (see 22 NYCRR 130-1.1 [a], [d]; Matter of Tina X. v John X., 156 AD3d 1152, 1153 [2017]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1250-1251 [2017], lv dismissed and denied 29 NY3d 1046 [2017]). As pertinent here, conduct may be deemed frivolous if it involves the assertion of "material factual statements that are false" (22 NYCRR 130-1.1 [c]; see First Deposit Natl. Bank v Van Allen, 277 AD2d 858, 860 [2000]; Household Bank Region I v Stickles, 276 AD2d 940, 941 [2000]). The court is further directed to then consider "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]; see Matter of Flanigan v Smyth, 148 AD3d at 1250-1251).
Initially, we find that there was proper notice of the request for the imposition of sanctions. In the affirmation in support of the motion to quash the subpoena, petitioner specifically requested that Family Court consider imposing sanctions against McCarthy, and detailed the basis for doing so (see Citibank [S.D.] v Ousterman, 279 AD2d 886, 886 [2001]; Greenwood Trust Co. v Mason, 277 AD2d 740, 741 [2000]; Household Bank Region I v Stickles, 276 AD2d at 941). McCarthy's assertion that this request was "buried" within the less than two-page document is unavailing. Significantly, although McCarthy did not address the imposition of sanctions until the hearing, she submitted a detailed response in opposition to the motion to quash and to petitioner's affirmation in support thereof.
However, turning to the merits, we do not find McCarthy's actions to have been so egregious as to rise to the level of frivolous conduct within the meaning of 22 NYCRR 130-1.1. Family Court's determination was based upon the finding that McCarthy had inaccurately included the 2012 order with her subpoena for records to the child's counseling center, rather than the controlling 2016 order. Upon our review of the record, it appears that although McCarthy acknowledged that she had access to the case file, she did not apparently have a copy of the 2016 order at the time of her error. Significantly, McCarthy had only just been assigned to represent respondent and thus had limited time to prepare for the hearing and to procure the necessary records. Without reaching the underlying legal question, the hearing record further reflects the parties' shared confusion as to whether and how respondent's custodial status affected her access to the child's health records and, thus, we cannot say that McCarthy's explanation — that she thought she had taken legally appropriate actions — is wholly unreasonable. Under these circumstances, monetary sanctions should not have been imposed (see 22 NYCRR 130-1.1; Golden v Barker, 223 AD2d 769, 770 [1996]; Race v Meyer, 219 AD2d 67, 71 [1996]; Matter of Schulz v State of New York, 175 AD2d 356, 357-358 [1991], appeal denied 78 NY2d 862 [1991]).
The remaining contentions have been rendered academic in light of our determination.
McCarthy, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as imposed monetary sanctions against Noreen E. McCarthy, and, as so modified, affirmed.



Footnotes

Footnote 1: In her brief on appeal, McCarthy only challenges the order to the extent that it imposed sanctions.